UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **PATRICK MICHAUD,** : | |
| *Plaintiff,* : | |
| : | |
| vs. : | |
| : | CIVIL ACTION NO.: 12-CV-10540-WGY |
| **LAWRENCE A. CALDRONE,** : | |
| **KENNETH KELLY,** : | |
| **JEFFREY FIRNSTEIN,** : | |
| **ROBERT SHEETS, AND** : | |
| **CITY OF BOSTON** : | |
| *Defendants* : | |

**FIRST AMENED COMPLAINT**

NATURE OF THE ACTION

1. This is an action pursuant to 42 U.S.C. §§ 1983 & 1985 the First, Fourth, Fifth and Fourteenth Amendments, the Massachusetts Civil Rights Act, and common law offenses of false imprisonment, false arrest, intentional infliction of emotional distress, malicious prosecution, and defamation all arising out of the Plaintiff's arrest by the Defendants without probable cause on or about March 25, 2009, and the charging of Plaintiff with assault with a firearm without probable cause on March 26, 2009, being a deprivation of the Plaintiff's rights under the above federal and state statutes and the United States Constitution.

1

JURISDICTION AND VENUE

2. This court has jurisdiction over claims arising out of Title 42 §§ 1983 & 1985 of the United States Code, Title 28 of the United States Code § 1331 and 1343, and the parties reside in Massachusetts.

PARTIES

3. The Plaintiff, Patrick Michaud (hereinafter "Michaud"), is a resident of Needham, Norfolk County, Massachusetts and a citizen of the United States.

4. The Defendant, Lawrence A. Calderone (hereinafter "Calderone"), is Police Officer for the City of Boston and a resident of Roslindale, Suffolk County, Massachusetts and a citizen of the United States. He is sued in his individual capacity.

5. The Defendant, Lieutenant Robert R. Sheets (hereinafter "Sheets"), is or was a supervisory Police Officer for the City of Boston and a resident of Boston, Suffolk County, Massachusetts and a citizen of the United States. He is sued in his individual and supervisory capacity.

6. The Defendant, Kenneth Kelly (hereinafter "Kelly"), is or was a Police Officer for the City of Boston and a resident of Boston, Suffolk County, Massachusetts and a citizen of the United States. He is sued in his individual capacity.

7. The Defendant, Jeffrey Firnstein (hereinafter "Firnstein"), is or was a Police Officer for the City of Boston and a resident of Boston, Suffolk County, Massachusetts and a citizen of the United States. He is sued in his individual capacity.

8. The Defendant, City of Boston ("Boston"), is a duly organized municipality in the Commonwealth of Massachusetts.

FACTS

9. On or about March 25, 2009, while the Plaintiff was leaving a residence in Boston, he was arrested by Calderone, Kelly, and Firnstein, under color of law, and charged with the crime of assault with a firearm, without a warrant and without probable cause. As a result, the Plaintiff was arrested, placed in a cell for 6 hours, later released on bail.

10. On or about March 25, 2009, Lieutenant Sheets was the supervisor of Calderone, Kelly, and Firnstein, and Sheets, under color of law, ordered without probable cause Calderone and the other Defendants to the area of Walter and Weld Streets where the Plaintiff was seized, arrested, and charged with assault by means of a firearm, without probable cause.

11. The Plaintiff was arrested and charged with the crime of assault with a firearm without probable cause where the arrest and application for criminal complaint was based on an unreliable complainant that was not credible and where the police did not believe the complainant.

12. The Plaintiff was arrested by Sheets, Calderone, Kelly, and Firnstein, under the color of law.

13. At all times during arrest and seizure of Plaintiff, the Calderone, Firnstein, Kelly, and Sheets engaged in a joint venture. The individual officers assisted each other in performing the various actions described above and lent their physical presence and support and the authority of their office to each other during these said events.

14. On March 26, 2009, Calderone made Application for Criminal Complaint at the West Roxbury District Court located in Jamaica Plain, Massachusetts, and in support of the same, Calderone presented the police report completed by Calderone and signed off on

by Sheets to the Clerk-Magistrate of West Roxbury District Court. This complaint contained false statements and omitted exculpatory evidence of Plaintiff's innocence.

15. At all time Sheets, Calderone, Firnstein, and Kelly acted individually and jointly under the color of law and Sheets acted, under the color of law, with supervisory encouragement, condoned, acquiescence, reckless disregard, depraved, callous, and deliberate indifference to Plaintiff's rights.

16. Subsequent to Plaintiff's arrest, Defendants published false information contained in the police report to a third party and this information was published in a local newspaper.

17. Some 5 months later, the District Attorney for Suffolk County, after investigation, nolle prossed the charge asserting that "based upon the evidence it would not be in the interest of justice to further prosecute" the case.

18. Boston failed to train, supervise, or discipline Calderone and acquiesced or acted with deliberate indifference to Plaintiff's Constitutional rights where it knew or should have known that Calderone had a history of reckless and depraved behavior with deliberate disregard or indifference for the rights of other citizens and the Plaintiff.

19. Boston maintained a policy or custom of deliberate indifference to the supervision of its police officers and policy or custom of deliberate indifference in failing to discipline its police officers, especially Calderone. As a result of this policy or custom, police officers in Boston knew that misconduct towards its citizens was likely to go undetected and/or unpunished.

20. Before the incident described herein, Calderone acted in a reckless manner with deliberate indifference or disregard for citizens Constitutional rights.

21. Boston knew or should have known of Calderone's propensity to act reckless with deliberate indifference or disregard for citizens Constitutional rights.

22. The Plaintiff suffered severe emotional injury, his personal, business and professional life suffered, damage to reputation, and he seeks damages to compensate him for his losses under the provisions of 42 U.S.C. §§ 1983 & 1985 of the United States Code as a deprivation of his rights under the United States Constitution.

23. The Plaintiff suffered severe emotional injury, his personal, business and professional life suffered, damage to reputation, and he seeks damages to compensate him for his losses under the provisions of Mass. General Laws Chapter 12, Section 11 I.

24. The Plaintiff suffered severe emotional injury, his personal, business and professional life suffered, damage to reputation, and he seeks damages to compensate him for his losses for his false arrest.

25. The Plaintiff suffered severe emotional injury, his personal, business and professional life suffered, damage to reputation, and he seeks damages to compensate him for his losses for his false imprisonment.

26. The Plaintiff suffered severe emotional injury, his personal, business and professional life suffered, damage to reputation, and he seeks damages to compensate him for his losses for his malicious prosecution.

27. The Plaintiff suffered severe emotional injury, his personal, business and professional life suffered, damage to reputation, and he seeks damages to compensate him for losses for his intentional infliction of emotional distress.

28. The Plaintiff suffered severe emotional injury, his personal, business and professional life suffered, damage to reputation, and he seeks damages to compensate him for his losses of defamation.

### CAUSE OF ACTION I: 42 U.S.C. § 1983: ALL DEFENDANTS

29. The above paragraphs are incorporated by reference.

30. At all times relevant to this complaint, the Defendants were acting under the color of the laws of the Commonwealth of Massachusetts and the City of Boston.

31. Defendants seized Plaintiff without probable cause and Defendants, Calderone and Sheets by way of his supervisory capacity, made application for criminal complaint without probable cause and/or reckless disregard for Plaintiff's rights as previously described herein.

32. By the actions described above, the Defendants deprived the plaintiff of clearly established and well-settled rights under the Constitution of the United States including his rights under the First, Fourth, and Fourteenth Amendments.

33. In doing so, the Defendants acted with reckless disregard for Plaintiff's constitutional rights.

34. Boston's conduct was of deliberate indifference to the Plaintiff's constitutional rights in that Boston knew or should have known of Calderone's pattern of misconduct and recklessness.

35. As a direct and proximate result of the Defendants' conduct, Plaintiff suffered the injuries described above.

### CAUSE OF ACTION II: M.G.L. c.12, § 11H & I: CALDERONE, SHEETS, KELLY AND FIRNSTEIN

36. The above paragraphs are incorporated by reference.

37. Defendants' conduct deprived Plaintiff of his rights under federal and state law by threats, intimidation and coercion thereby violating the Massachusetts Civil Rights Act.

38. As a direct and proximate result of this conduct, Plaintiff suffered the injuries described above.

CAUSE OF ACTION III: 42 U.S.C. §§ 1983 & 1985 – APPLICATION OF CRIMINAL COMPLAINT: CALDERONE, SHEETS, & CITY OF BOSTON

39. The above paragraphs are incorporated by reference.

40. Calderone and Sheets seized Plaintiff without probable cause and Calderone and Sheets by way of his supervisory capacity, made application for criminal complaint without probable cause and/or reckless disregard for Plaintiff's rights as previously described herein in an attempt to violate Plaintiff's Constitutional rights.

41. By the actions described above, the Defendants deprived the plaintiff of clearly established and well-settled rights under the Constitution of the United States including his rights under the First, Fourth, and Fourteenth Amendments.

42. In doing so, the Defendants acted with reckless disregard and deliberate indifference to Plaintiff's constitutional rights.

43. As a direct and proximate result of the Defendants' conduct, Plaintiff suffered the injuries described above.

44. As a direct and proximate result of the Defendants' conduct, Plaintiff suffered the injuries described above.

CAUSE OF ACTION IV: FALSE IMPRISONMENT: ALL DEFENDANTS

45. The above paragraphs are incorporated by reference.

46. Defendants arrested Plaintiff without probable cause and caused his confinement.

47. Defendants committed the tort of false imprisonment.

48. As a direct and proximate result of the Defendants' conduct, Plaintiff suffered the injuries described above.

### COUNT V: FALSE ARREST: ALL DEFENDANTS

49. The above paragraphs are incorporated by reference.

50. Defendants arrested Plaintiff without probable cause.

51. Defendants committed the tort of false arrest.

52. As a direct and proximate result of the Defendants' conduct, Plaintiff suffered the injuries described above.

### COUNT VI: MALICIOUS PROSECUTION: CALDERONE, SHEETS & CITY OF BOSTON

53. The above paragraphs are incorporated by reference.

54. The Defendants, Calderone and Sheets, caused criminal proceedings to be instituted against the Plaintiff without probable cause and with malice as defined in state tort law where both knew or should have known that complainant was unreliable an/or acted with reckless disregard for this fact.

55. As a direct and proximate result of this conduct, Plaintiff suffered injuries described above.

56. The above paragraphs are incorporated by reference.

### COUNT VII: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS: CALDERONE, SHEETS, FIRNSTEIN, AND KELLY

57. The above paragraphs are incorporated by reference.

58. Defendants intended, knew or should have known that emotional distress would result from their actions.

59. Defendants' actions were extreme and outrageous and beyond all possible bounds of decency and utterly intolerable in a civilized society.

60. The Defendants' actions caused the Plaintiff severe emotional distress.

61. As a direct and proximate result of this conduct, Plaintiff suffered injuries described above.

### COUNT VII: DEFAMATION: CALDERONE AND SHEETS AND CITY OF BOSTON

62. The above paragraphs are incorporated by reference.

63. Calderone made false and defamatory statements in his police report and further omitted exculpatory facts that established that the complainant was not reliable, nor credible and that Plaintiff was innocent of all complaints.

64. Sheets condone, encouraged, or acted with reckless disregard by authorizing Calderone's police report.

65. These statements, including the omissions were communicated and/or published to a third party and involved the Plaintiff.

66. The Defendants' actions caused the Plaintiff severe emotional distress.

67. As a direct and proximate result of this conduct, Plaintiff suffered injuries described above.

### COUNT VIII: CONSPIRACY TO VIOLATE PLAINTIFF'S CONSITITUTIONAL RIGHTS: CALDERONE, SHEETS & CITY OF BOSTON

68. The above paragraphs are incorporated by reference.

69. Calderone and Sheets seized Plaintiff without probable cause and Calderone and Sheets by way of his supervisory capacity, made application for criminal complaint without

probable cause and/or reckless disregard for Plaintiff's rights as previously described herein in an attempt to violate Plaintiff's Constitutional rights.

70. By the actions described above, the Defendants deprived the plaintiff of clearly established and well-settled rights under the Constitution of the United States including his rights under the First, Fourth, and Fourteenth Amendments.

71. In doing so, the Defendants acted with reckless disregard and deliberate indifference to Plaintiff's constitutional rights.

72. The Defendants' actions caused the Plaintiff severe emotional distress.

**73.** As a direct and proximate result of this conduct, Plaintiff suffered injuries described above.

## PRAYER FOR RELIEF

Wherefore, the Plaintiff seeks damages against all Defendants for his false arrest, false imprisonment, intentional infliction of emotional distress, violation of Mass. General Laws Chapter 12 Section 11 I, and violation of his rights under 42 U.S.C . § 1983 and damages against Lawrence Calderone, Robert Sheets, and City of Boston for malicious prosecution, defamation, conspiracy to violate Plaintiff's Constitutional rights  and 42 U.S.C. § 1985 as set forth below:

Plaintiff requests that this Court:

1. award compensatory damages against the Defendants, jointly and severally;
2. award punitive damages against the Defendants;
3. award the Plaintiff costs and interest of this action, including reasonable attorney's fees;
4. order that all state criminal records created as a result of the arrest and criminal complaint be expunged; and
5. award any other additional relief this Court deems necessary and appropriate.

JURY DEMAND

PLAINTIFF DEMANDS A JURY TRIAL ON ALL COUNTS SO TRIABLE.

        Plaintiff,
        By His Attorneys,
        VOLTERRA, GOLDBERG & JACOBS,
        LAW COUNCELLORS, INC.

        _____/s/Max Volterra_____
        Max Volterra, BBO#511060
        3 Mill Street
        Attleboro, MA 02703
        508-222-1463
        508.226.7565
        mvolterra@vgjlaw.com

Date: May 1, 2012