**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

CIVIL ACTION
No. 1:12-cv-10540-WGY

**PATRICK MICHAUD,**
      **Plaintiffs,**

**v.**

**LAWRENCE A. CALDERONE, KENNETH KELLY, JEFFREY FIRNSTEIN, ROBERT SHEETS, AND CITY OF BOSTON,**
      **Defendants.**

**DEFENDANTS' EMERGENCY MOTION TO CONTINUE TRIAL DATE TO JANUARY 27, 2014**

Now come the Defendants and hereby file this emergency motion to continue the trial date to January 27, 2014 due to Defendant's counsel, Dawn (Beauchesne) King, having a previously scheduled honeymoon commencing on January 12, 2014 and ending January 25, 2014.  Defendants so move for the following reasons:

1. A Scheduling Conference was held in this case on September 10, 2012.  At that time, the trial was set for the October 2013 rolling trial list.   Docket # 31.

2. Due to the trial being set in October 2013, Attorney King did not schedule her 2-week honeymoon to Mexico that month, but instead booked it for January 2014.  Attorney King was married on September 28, 2013.

3. Unexpectedly in March 2013 Defendant Kenneth Kelly passed away.

4. Thereafter the case was stayed for three months, expiring on June 25, 2013.  Docket ## 50-53.

5. On June 11, 2014 a Suggestion of Death was filed on behalf of Defendant Kenneth Kelly.  Docket #54.

6. One June 25, 2013 Defendants filed a motion to extend discovery ninety (90) days in order to complete discovery since the case was stayed due to Kelly's death and the original discovery deadline had been May 30, 2014.

7. In that motion, <u>the Defendants requested a status conference to set a new trial date, presumably a date that was agreeable by all parties and the Court</u>. Docket # 55.

8. One June 25, 2013, by order of the Court, discovery was extended to September 30, 2014 and the case set as "ready for trial January 6, 2014."

9. Immediately upon receiving this notification, attorney King called Judge Young's Clerk and was connected to Clerk Matthew Paine.   She informed him that the Court set the trial date for the rolling January 2014 list and that she had a previously scheduled honeymoon for 2 weeks in January and was unavailable for trial from January 13-24, 2014.  She explained to him that is why the Defendants requested a status conference to set a new trial date in their June 25, 2013 motion to extend the tracking order deadlines.  He said to not worry and he would inform Jen [Gaudet], the courtroom clerk, of the dates she was unavailable so the Court would know when the Pretrial Conference was held in December 2013.

10. On August 22, 2013 Plaintiff filed a motion to extend the discovery deadline, to which Defendants filed an opposition/clarification.  Both the motion and

opposition noted Attorney King's January 2014 honeymoon and the dates of such.  Docket ## 59, 60.

11. On September 9, 2013, the Court allowed the motion to extend the discovery deadline to November 30, 2013 without allowing an extension of any other deadlines.  Docket # 61.

12. On November 26, 2013 Attorney King again called the Clerk and spoke to Jennifer Gaudet wherein she again expressed that the trial date was scheduled for January 2014 and that she was away for 2 weeks during that time.  Ms. Gaudet informed Attorney King not to worry and that the case would not be tried while she was away.  Ms. King again informed her of the dates she was away and Ms. Gaudet said it would be noted and sorted out at the Final Pretrial Conference.

13. At the December 19, 2013 Final Pretrial Conference the Judge stated he would take the issue of probable cause under advisement and the case would <u>go to trial on January 6, 2014 on damages only</u> or the case would be disposed of prior to that date, upon his ruling.

14. The Court also allowed 5 days for trial:  January 6, 8, 9, 10 and 11, 2014.  The Judge informed the parties that Court would not be held on January 7, 2014 due to a doctor's appointment he had scheduled.

15. Upon hearing this ruling, Defendant's counsel knew a trial on damages only would not take more than 4 days and that the January 6, 2014 trial date would not present a conflict with Attorney King's previously scheduled honeymoon date.  Therefore, her honeymoon conflict was rendered moot.

16. On December 23, 2013 Plaintiff's unexpectedly filed a motion to strike certain undisputed facts that were deemed disputed at the Final Pretrial Conference for purposes of the Court determining the issue of probable cause prior to the trial date.

17. Thereafter, on December 27, 2013, the Court ruled that there are apparently disputed facts and the <u>entire</u> case, not just on damages, will be go to trial on January 6, 2014.

18. Now that the case will proceed in its entirety and will got for the 5 days allotted for trial (due to the number of witnesses, empanelment, openings, closings and jury deliberation) the trial date invariable conflicts with Attorney King's previously scheduled honeymoon.

19. Attorney King has been counsel on this case since its inception, along with Attorney Lisa Maki, and it would be highly prejudicial one week prior to trial to appoint a new second counsel to try the case with Attorney Maki. Due to the number of defendants, witnesses and length of the trial, two attorneys are needed to represent the defendants at trial in this matter.

Therefore, the Defendants respectfully request that the trial in this matter be continued to January 27, 2014, as Defendant's counsel, Attorney Dawn King, will be away for her previously scheduled honeymoon from January 12-25.

| | |
|---|---|
| **CERTIFICATE OF SERVICE**<br><br>I hereby certify that on this day, a copy of this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.<br><br>12/27/13   /s/ Dawn M. King<br>Date             Dawn M. King | Respectfully submitted,<br>DEFENDANTS, LAWRENCE CALDERONE, JEFFREY FIRNTSTEIN, ROBERT SHEETS, and THE CITY OF BOSTON<br>William F. Sinnott,<br>Corporation Counsel<br><br>By his attorneys,<br><br>/s/ Dawn M. King<br>Dawn M. (Beauchesne) King, BBO # 661669<br>Senior Assistant Corporation Counsel<br>Lisa Skehill Maki, BBO # 675344<br>Senior Assistant Corporation Counsel<br>City of Boston Law Department<br>One City Hall Plaza, Room 615<br>Boston, MA 02201<br>(617) 635-4022 (Maki)<br>(617) 635-4023 (King)<br>Lisa.Maki@boston.gov<br>Dawn.King@boston.gov |