UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
No. 1:12-cv-10540-WGY

PATRICK MICHAUD,
    Plaintiff,

v.

LAWRENCE A. CALDERONE,
KENNETH KELLY, JEFFREY
FIRNSTEIN, ROBERT SHEETS, AND
CITY OF BOSTON,
    Defendants.

**DEFENDANTS' MOTION *IN LIMINE* TO BIFURCATE THE EVIDENCE
AT TRIAL INTO TWO PHASES:  (1) WHETHER A CONSTITUTIONAL
VIOLATION OCCURRED; AND IF NECESSARY (2)  MUNICIPAL LIABILITY
UNDER A *MONELL* THEORY**

**I. INTRODUCTION**

    Plaintiff alleges that he was arrested without probable cause on March 25, 2009 after a former employee of his reported to police that the plaintiff had threatened him with a gun.  As against the City of Boston, the plaintiff alleges that the City failed to properly discipline one of the arresting officers (Officer Calderone) for prior instances of misconduct, failed to discipline officers in general, and that the City's training of police officers was inadequate.

    In support of his claim against the City, plaintiff references other instances of alleged wrongdoing against Calderone.  Specifically, a 1999 federal lawsuit against Calderone alleging false arrest, a lawsuit brought by Calderone against a state trooper, two unrelated cases that plaintiff claims Calderone omitted exculpatory evidence from a police report, and a 2012 incident in which a photographer claimed that Calderone asked

him to move away from a motor vehicle accident while he was taking pictures.  Plaintiff also references an unrelated 2010 lawsuit brought against different officers alleging false arrest, a Boston Globe article, and the 1992 "St Clair Report" to prove his *Monell* claim.

## II.     ARGUMENT

### a.  Bifurcation:  Standard Of Review

Fed.R.Civ.P. Rule 42(b) allows a court to order separate trial of any claim or issue when it finds such an order appropriate "in furtherance of convenience or to avoid prejudice [to a party], or when separate trials will be conducive to expedition and economy . . . " Fed.R.Civ.P. Rule 42(b). The burden is on the moving party to demonstrate to the court that severance is appropriate, and should demonstrate that separate trials are necessary to protect him from undue prejudice or inconvenience, and that the procedure would not cause his adversary such prejudice or inconvenience. The moving party must persuade the court that ordering bifurcated discovery and/or trial will achieve Rule 42(b)' s "paramount" consideration: to ensure "a fair and impartial trial and process to all litigatnts through a balance of benefit and prejudice." *Kimberly Clark Corp. v. James River Corp.,* 131 F.R.D. 607, 609 (N.D.Ga. 1989).

In ruling on a Rule 42(b) motion, the court may consider a number of factors to determine whether bifurcation is appropriate. The court may conclude that when a single issue is dispositive of the case, and resolution of that issue makes it unnecessary to try the other issues, or when a single trial of all issues would create the potential for jury bias or confusion, then bifurcation may be necessary to ensure a fair and impartial trial for all parties. 9 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2388, at 476- 77 (1995).

Bifurcation is appropriate where limiting instructions are not sufficient to avoid prejudice to a co-defendant, such as in situations where evidence admissible only on a certain issue may prejudice a party in the minds of the jury on other issues. 9 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2388, at 479. *See also Ismail v. Cohen et al.,* 706 F.Supp. 243, 251 (S.D.N.Y. 1989) (holding in excessive force case that "there is a danger that evidence admissible on the issues relating to conduct by the City or officer will 'contaminate' the minds of the finder of fact in its consideration of the liability of the other defendant.").

### b. Bifurcation Is Necessary To Ensure The Defendants Are Given A Fair Trial.

Bifurcation is necessary in this case to assure that the individual defendants are given a fair trial. No limiting instructions would suffice to cure the prejudice to the officers if the plaintiff was to present evidence of prior alleged misconduct, as is necessary in order for him to make out a municipal liability case. The plaintiff must *first* prove that he suffered a constitutional injury due to the conduct of the individual defendants before he can seek to hold the municipality liable for those actions. *See City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986); *Evans v. Avery,* 100 F.3d 1033, 1039-40 (1st Cir. 1996). Thus, in this Section 1983 case, the plaintiff must establish, as a prerequisite to his claim against the City, that he was arrested without probable cause. In essence, Section 1983 *requires* the jury to engage in a bifurcated analysis of the evidence.

Here, plaintiff intends on introducing unproven allegations of wrong doing against Calderone along with evidence of an unrelated 2010 lawsuit and the 1992 "St. Clair Report" to show that the City does not discipline its officers. Frist, the officers cannot get a fair trial if the plaintiff is allowed to introduce alleged instances of prior

misconduct for which they were not involved during his case against the individual officers. It is decidedly unfair to allow the plaintiff to use alleged instances of misconduct as a fulcrum to convince the jury that the officers must have engaged in misconduct when they arrested the plaintiff.

For example, plaintiff cites to a settlement with a plaintiff in an unrelated case, *Glik v. Cunniffe* to support his claim that the City does not discipline police officers. He further cites to the "St. Clair Report" a management review of the Boston Police Department written seventeen years prior to plaintiff's arrest, for the proposition that the Internal Affairs Division suffered from a "wide range of problems." No named defendant is mentioned in the St. Clair Report. These allegations would be devastatingly prejudicial as against the individual officers, so much so that no jury instruction could cure the harm to them if these allegations were to be introduced during their trial.

### c. Alleged Prior Instances Of Misconduct Cannot Be Introduced Against Officer Calderone To Prove He Falsely Arrested The Plaintiff.

Under Fed.R.Evid. Rule 404, a defendant's prior bad acts cannot be introduced against him to prove that he committed the actions complained of by the plaintiff. Here, plaintiff seeks to introduce alleged prior bad acts by Officer Calderone against him in order to establish that Officer Calderone has a propensity to engage in misconduct. "This is just the type of evidence Fed. R. Evid. 404(b) precludes." *See Falk v. Clarke,* No. 88C7293, 1990 WL 43581, *6 (N.D.Ill. Apr. 3, 1990) (evidence excluded where counsel contended that other acts evidence was being offered to show a pattern of activity but was in reality disguising the impermissible propensity purpose).

4

Evidence of other crimes, wrongs, or acts is not admissible against a defendant to prove that he acted in a similar fashion in the case at hand, *see Lataille v. Ponte,* 754 F.2d 33, 35 (1st Cir. 1985); *Udemba v. Nicoli,* 237 F.3d 8, (1st Cir. 2001), since such evidence carries an unacceptable risk that a jury will find liability for conduct other than the conduct at issue in the case before it, or that it will find liability, although uncertain of guilt, because a bad person deserves punishment. *See* Fed. R. Evid. 404(a) advisory committee note.

The courts have repeatedly held that other bad acts of unrelated parties in civil rights suits cannot be admitted against the individual officers, but are relevant to the municipal liability claims. In most instances where cases are not bifurcated, the court issues instructions to the jury limiting them from considering the evidence against the individuals. *See, e.g., Gutierrez-Rohdiguez v. Cartagena,* 882 F.2d 553, 572-574 (1st Cir. 1989); *see also Bordanaro v. McLeod,* 871 F.2d 1151, 1166 (1st Cir. 1989); *see also Superchi v. Town of Athol,* 170 F.R.D. 3, 5 (D.Mass. 1996) (prior citizen complaints against individual police officer alleging excessive force admitted with respect to the claims against the Town but not admissible with respect to the claims against the officer).

No curative instruction can prevent the harm that is threatened by the evidence to be used against the City in the trial of this action. Plaintiff's theory of municipal liability in this matter is calculated to have the most prejudicial impact upon the individual officers, and no curative instruction can protect against that impact. Limiting instructions cannot mitigate the effects of such gravely prejudicial evidence, *see U.S. v. Garcia-Rosa,* 876 F.2d 209, 221-22 (1st Cir. 1989), since the other instances of misconduct would prove "devastating" to these defendants. *Bruton v. United States,* 391 U.S. 123 (1968).

*See also Riccutti,* 796 F.Supp. at 86; *Disorbo v. Hoy,* 343 F.3d 172, 179 (2nd Cir. 2003) (holding that prejudice to individual officers justified bifurcation of trial).

There is a very real risk that the alleged prior bad acts of Calderone or other officers may spill over in the mind of the factfinder so as to encourage the jury to speculate that these officers must have engaged in misconduct *this* time. This prejudice infects the individual officers' rights to a fair trial, and for that reason alone bifurcation is necessary.

Finally, plaintiff can claim no prejudice arising out of the grant of a bifurcated trial. If he is successful on his claims against any of the individual defendants, he can immediately proceed with his case against the City. Indeed, his burden may even be lessened by proceeding serially at trial: "[t]he predicate burden of proving a constitutional harm on the part of a municipal employee remains an element of the caase regardless of the route taken and ... the burden of placing that harm in the context of a causative municipal custom and policy is significantly more onerous than the task of simply proving that an actionable wrong occurred." *Wilson v. Town of Mendon,* 294 F.3d 1, 8 (1st Cir. 2002). Certainly plainiff can point to no prejudice to him that bifurcation would cause that could possibly outweigh the prejudice to the individual officers should bifurcation be denied.

### III. CONCLUSION

For the reasons stated herein, the defendants respectfully request that the Court order the bifurcation of trial in this case.

Respectfully submitted,

DEFENDANTS, LAWRENCE
CALDERONE, ROBERT SHEETS,
JEFFREY FIRNSTEIN, and THE CITY OF
BOSTON
William F. Sinnott
Corporation Counsel
By their attorney:


/s/ Lisa Skehill Maki
Lisa Skehill Maki, BBO # 675344
Senior Assistant Corporation Counsel
Dawn M. King, BBO # 661669
Senior Assistant Corporation Counsel
City of Boston Law Department, Room 615
Boston, MA 02201
(617) 635-4022 (Maki)
(617) 635-4023 (King)
Lisa.maki@boston.gov
Dawn.King@boston.gov


**CERTIFICATE OF SERVICE**

I, Lisa Skehill Maki, counsel for the Defendants do hereby certify that on this date I served upon counsel for all parties a copy of the instant motion.


DATE: 1/2/14            /s/ Lisa Skehill Maki
                        Lisa Skehill Maki