# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**CIVIL ACTION**
**No. 1:12-cv-10540-WGY**

**PATRICK MICHAUD,**
            **Plaintiff,**

**v.**

**LAWRENCE A. CALDERONE,**
**KENNETH KELLY, JEFFREY**
**FIRNSTEIN, ROBERT SHEETS, AND**
**CITY OF BOSTON,**
            **Defendants.**

---

## DEFENDANTS' MOTION *IN LIMINE* FOR A PRE-CHARGE

Now come the Defendants and request a Pre-Charge to the jury. The Defendants submit that a Pre-Charge is necessary to enable the Jury, from the outset of the trial, to better understand the probable cause standard and, to know that a police officer's subjective mindset is irrelevant for a determination of probable cause, that credible and coherent victim's statements are ordinarily sufficient to establish probable cause, and that a police officer's obligation to investigate ends once probable cause is established.

Because probable cause is a legal question, it is necessary to instruct the jury as to the legal standard for which they should be assessing the facts. This Pre-Charge will assist the jury in deciding the pertinent facts to assess because only those facts known to an objectively reasonable police officer are irrelevant. Further, the jury needs to know that under clearly established law, police officers are allowed to rely on credible and coherent victim complaints to establish probable cause and that once probable cause is established, there is no ongoing duty to investigate. Without this Pre-Charge, the jury

1

will not have a clear understanding of the law or have the tools necessary to properly assess the facts.  Accordingly, the Defendants and hereby move *in limine* for the Court to pre-charge the jury as follows:

### Probable Cause

An arrest is lawful if the officer has "probable cause."[1] A police officer has probable cause when, at the time of the arrest, the "facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.[2]

Probable cause determinations are, virtually by definition, preliminary and tentative.[3]  The exact degree of certainty required to establish probable cause is difficult to quantify; it fails somewhere between "bare suspicion" and what would be needed to justify conviction.[4]

In determining whether the officer had probable cause, courts view the circumstances from the perspective of a reasonable person in the position of the officer.[5] Probable cause requires only a probability that the defendant committed the crime.[6]  The test for probable cause does not require the officer's conclusion to be ironclad, or even

---

[1]     *Tennessee v. Garner,* 471 U.S. 1, 7 (1985).

[2]     *Michigan v. DeFillippo,* 443 U.S. 31, 37 (1979); *see also Beck v. Ohio,* 379 U.S. 89, 91 (1964); *Acosta v. Ames Dep't Stores,* 386 F.3d 5, 9 (1st Cir. 2004); *Rivera v. Murphy,* 979 F.2d 259, 263 (1st Cir. 1992); *United States v. Figueroa,* 818 F.2d 1020, 1023 (1st Cir. 1987).

[3]     *Acosta,* 386 F.3d at 11; *Burke v. Town of Walpole,* 405 F.3d 66 (1st Cir. 2005).

[4]     *Id,* at 66; *Valente v. Wallace,* 332 F.3d 30 (1st Cir. 2003).

[5]     *Roche v. John Hancock Mut. Life Ins. Co.,* 81 F.3d 249, 255 (1st Cir.1996) (citing *Illinois v. Gates,* 462 U.S. 213, 231 (1983)).

[6]     *See Hill v. California,* 401 U.S. 797, 804 (1971).

highly probable. Their conclusion that probable cause exists need only be reasonable.[7] The question of probable cause, like the question of reasonable suspicion, is an objective inquiry.[8]  The only relevant facts are those known to the officer.[9]

### Victim's Statements

The uncorroborated testimony of a victim or other percipient witness, standing alone, ordinarily can support a finding of probable cause.[10]  Victims' complaints are a prime source of investigatory information for police officers. . . In the absence of circumstances that would raise a reasonably prudent officers' antennae, there is no requirement that the officer corroborate every aspect of every complaint with extrinsic information.[11]

In general, an officer's good-faith reliance on information provided by a victim, even if it turns out to be false, may provide a valid basis for probable cause.[12]  The fact that the report of the abusive conduct came to the police directly from the victim, imparts an "ostensible patina of credibility" to his or her words.[13]  The victim of a crime is considered a reliable informant even though his reliability previously has not been proven or tested.[14]

### No Duty To Investigate Once Probable Cause Is Established

---

[7]      *Acosta,* 386 F.3d at 11.
[8]      *See Bolton v. Taylor,* 367 F.3d 5, 7 (1st Cir. 2004). The "actual motive or thought process of the officer is not plumbed." *Id.* (citing *Whren v. United States,* 517 U.S. 806, 813 (1996)).
[9]      *Holder v. Town Of Sandown*, 585 F.3d 500, 504 (1st Cir. 2009).
[10]     *Id.*
[11]     *Acosta,* 386 F.3d at 11.
[12]     *See Forest v. Pawtucket Police Department,* 377 F.3d 52, 57 (1st Cir. 2004).
[13]     *Nelson v. Moore,* 470 F.2d 1192, 1197 (1st Cir. 1972).
[14]     *Nelson, Id.*

Police officers do not have a standing obligation to investigate potential defenses before finding probable cause.[15]  There is no constitutional or statutory requirement that before an arrest can be made the police must conduct a trial.[16]  The constitution does not guarantee that only the guilty will be arrested.[17]  Once a law enforcement officer unearths sufficient facts to establish probable cause, he has no constitutional duty to either explore the possibility that exculpatory evidence may exist or to conduct any further investigation in the hope of finding such evidence.[18]

Respectfully submitted,

DEFENDANTS, LAWRENCE CALDERONE, ROBERT SHEETS, JEFFREY FIRNSTEIN, and THE CITY OF BOSTON
William F. Sinnott
Corporation Counsel
By their attorney:


/s/ Lisa Skehill Maki
Lisa Skehill Maki, BBO # 675344
Senior Assistant Corporation Counsel
Dawn M. King, BBO # 661669
Senior Assistant Corporation Counsel
City of Boston Law Department, Room 615
Boston, MA 02201
(617) 635-4022 (Maki)
(617) 635-4023 (King)
Lisa.maki@boston.gov
Dawn.King@boston.gov


**CERTIFICATE OF SERVICE**

---

[15] *Acosta,* 386 F.3d at 11 (citing *Baker v. McCollan,* 443 U.S. 137, 145–46 (1979)).
[16]     *Duca v. Martins*, 941 F.Supp. 1281, 1290 (D.Mass. 1996) (citing *Gramenos v. Jewel Companies, Inc.,* 797 F.2d 432, 439 (7th Cir.1986)).
[17]     *Baker,* 443 U.S. at 145.
[18]     *Acosta* 386 F.3d at 17.

I, Lisa Skehill Maki, counsel for the Defendants do hereby certify that on this date I served upon counsel for all parties a copy of the instant motion.


DATE: <u>1/2/14</u>                    <u>/s/ Lisa Skehill Maki                    </u>
                                       Lisa Skehill Maki