# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

CIVIL ACTION
No. 1:12-cv-10540-WGY

PATRICK MICHAUD,
    Plaintiff,

v.

LAWRENCE A. CALDERONE, KENNETH KELLY, JEFFREY FIRNSTEIN, ROBERT SHEETS, AND CITY OF BOSTON,
    Defendants.

**DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE TESTIMONY OR REFERENCE TO ALLEGED OTHER BAD ACTS OF OFFICER CALDERONE INVOLVING WINSTON KENDALL, STATE TROOPER JOHN LINQUATA, DANIEL LINSKY, ALEX JONES, STEPHEN WALSH, TONYCHA BONILLA, THE HONORABLE KATHLEEN COFFEY, AND *UNITED STATES V. HUGHES***

## I.   MOTION AND ARGUMENT

Now come the Defendants and move *in limine* to preclude testimony by Winston Kendall, State Trooper John Linquata, Daniel Linsky, Alex Jones, Stephen Walsh, Tonycha Bonilla, and the Honorable Kathleen Coffey or reference to these extraneous and irrelevant matters. Plaintiff intends to proffer evidence that Calderone has engaged in other alleged misconduct in an effort to prove that Calderone arrested him without probable cause on March 25, 2009. Plaintiff also intends to introduce such alleged misconduct in an effort to show that the City of Boston did not properly discipline Calderone.

In support of this, Plaintiff intends to call witnesses who were involved in these alleged bad acts at trial to testify about these alleged instances of misconduct. Such testimony should be

precluded because it is completely irrelevant, is barred by Fed. R. Evid. 404(b), and will result in five separate mini-trials over whether Calderone actually engaged in the alleged misconduct.

    a. **Winston Kendall**

Plaintiff intends to call Winston Kendall about a lawsuit he filed fifteen years ago against Calderone and several other employees of the Boston police department alleging that he was arrested without probable cause. The case was settled and no judgment was entered against Calderone. Testimony by Winston Kendall regarding his arrest eighteen years ago is irrelevant, unduly prejudicial and inadmissible pursuant to Fed. R. Evid. 404(b), and would result in a mini-trial over whether Calderone had probable cause to arrest Winston Kendall nearly eighteen years ago. To the extent that plaintiff seeks to proffer this evidence in support of his municipal liability claim, it is undisputed that the City of Boston received notice of Mr. Kendall's lawsuit, opened and investigation, investigated the incident and that Calderone was not disciplined as a result of the investigation. Thus, the testimony of Winston Kendall is irrelevant, cumulative, and unduly prejudicial.

    b. **State Trooper Linquata**

Plaintiff intends to call State Trooper John Linquata to testify about an altercation he had with Calderone thirteen years ago when Calderone attended a New England Patriots Game while he was off-duty. Calderone brought an excessive force case against Trooper Linquata as a result of the altercation. Plaintiff attempts to use Calderone's lawsuit to prove that Officer Calderone was engaged in misconduct during the altercation because Trooper Linquata testified at trial that Calderone appeared "intoxicated" and told Linquata "you'll get yours." Such testimony is completely irrelevant as Calderone was off-duty at the time and was not alleged or adjudicated to

have violated anyone's civil rights. Furthermore, such testimony would result in a mini-trial over whether Calderone was indeed intoxicated or even made those statements to the Trooper.

### c. Stephen Walsh, Alex Jones, and Daniel Linsky

Plaintiff intends to call Stephen Walsh, Alex Jones, and Boston police superintendent-in-chief Daniel Linsky to testify about a 2012 incident involving Calderone and two photographers, Alex Jones and Stephen Walsh. According to the plaintiff, Calderone was investigating a motor vehicle accident when he asked Alex Jones and/or Stephen Walsh to move away from the accident scene. One of the photographers took to the internet to complain. Superintendent-in-chief Daniel Linsky responded to one of the photographers via the internet and stated that he would look into the complaint. Plaintiff intends to call these witnesses to show that Calderone was engaged in misconduct—asking photographers to move back from the scene of a motor vehicle crash. Such testimony is irrelevant as the plaintiff was arrested in 2009, three years prior to this incident, for assault with a dangerous weapon, not for taking pictures. Further, under a municipal liability theory, a failure to discipline that post-dates the incident cannot be the "driving force" as required for a *Monell* claim.

It also appears that plaintiff intends to call these witnesses to impeach Calderone's deposition testimony regarding this incident. Plaintiff should be prohibited from asking Calderone about the incident because it is irrelevant to his claim of false arrest and similarly irrelevant to his *Monell* claim. Thus, plaintiff should be precluded from being extraneous, irrelevant, "prior bad acts" at trial.

### d. Tonycha Bonilla and The Honorable Judge Coffey

Plaintiff intends to call Tonycha Bonilla and Judge Kathleen Coffey to support his claim that Calderone has engaged in prior misconduct. Tonycha Bonilla was the registered owner of

the vehicle that was involved in a hit and run. As a result, she was summonsed to court to appear before a clerk magistrate. When she appeared at court, Tonycha Bonilla was directed to the wrong courtroom. Her case was called in an adjacent courtroom and because she was not there, the complaint was issued against her. Tonycha Bonilla unsuccessfully attempted to expunge her criminal record. In its decision, the Court (Judge Coffey) noted that the police report recounted that it was a male that was involved in a hit and run, not Tonycha Bonilla who was a female. Thus, the summons should not have been directed to Tonycha Bonilla but rather the unknown male driving the vehicle. Plaintiff attempts to use this case, and the testimony of Tonycha Bonilla and the Honorable Judge Coffey to show that Calderone was engaged in misconduct by issuing a summons to Tonycha Bonilla when the police report stated the driver was a male. Such testimony is irrelevant because Calderone was not found to have violated anyone's constitutional rights or engaged in misconduct. Further, Calderone denies applying for the criminal complaint. Consequently, such testimony or reference to this issue would result in a mini-trial over whether Calderone was even the officer who summonsed Tonycha Bonilla.

      **e.** *United States v. Hughes*

This Court should preclude any reference to the case of *United States v. Hughes*, 95 F.Supp.2d 49 (2000). Plaintiff intends to use the case of *United States v. Hughes* to show that Calderone was found "not credible" by the Court. That misrepresentation, however, is a complete falsehood as nowhere in the opinion is Calderone found not credible. Further, the case is completely irrelevant for the same reasons stated above: it is not an adjudication that Calderone engaged in a constitutional violation or misconduct, and it would result in a mini-trial over whether Calderone omitted the information or was told to omit the information by his supervisor. In *Hughes,* Calderone testified at a drug treatment record disclosure hearing about a

police report he had written a year earlier in an unrelated criminal case. *Id*. at 55. Calderone testified that he was directed by his supervisor to omit information from a police report about a carjacking. *Id*. Calderone's supervisor then testified that he recalled that he may have instructed Calderone to omit the information because he did not realize that the information actually came from the victim. *Id*. Regardless, the individual alleged to have committed the carjacking was not even arrested or charged with carjacking. *Id*. at 56. Rather, he was charged for being a felon in possession of a firearm. *Id*. Thus, Plaintiff's reliance on *Hughes* is completely irrelevant and cannot be used to support a *Monell* claim against the City. Further, any reference to *Hughes* would result in a mini-trial over how the information came to be omitted from the police report. *See Maldonado–Denis, supra* at 583 n. 5.

## II.     CONCLUSION

For the foregoing reasons, the Defendants move *in limine* to exclude any testimony or reference to Winston Kendall, Tonycha Bonilla, The Honorable Kathleen Coffey, Alex Walsh, Stephen Jones, Daniel Linsky, Trooper Linquata, and *United States v. Hughes*.

| | |
|---|---|
| **CERTIFICATE OF SERVICE**<br><br>I hereby certify that on this day, a copy of this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.<br><br>1/2/14    /s/ Lisa Skehill Maki<br>Date      Lisa Skehill Maki | Respectfully submitted,<br>DEFENDANTS, LAWRENCE CALDERONE, ROBERT SHEETS, JEFFREY FIRNSTEIN, and THE CITY OF BOSTON<br>William F. Sinnott,<br>Corporation Counsel<br><br>By their attorneys,<br><br>/s/ Lisa Skehill Maki<br>Lisa Skehill Maki, BBO # 675344<br>Senior Assistant Corporation Counsel<br>Dawn M. King, BBO # 661669<br>Senior Assistant Corporation Counsel<br>City of Boston Law Department<br>One City Hall Plaza, Room 615<br>Boston, MA 02201<br>(617) 635-4022 (Maki)<br>(617) 635-4023 (King)<br>Lisa.Maki@boston.gov<br>Dawn.King@boston.gov |