# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**CIVIL ACTION**
**No. 1:12-cv-10540-WGY**

PATRICK MICHAUD,
            **Plaintiffs,**

**v.**

LAWRENCE A. CALDERONE,
KENNETH KELLY, JEFFREY
FIRNSTEIN, ROBERT SHEETS,
AND CITY OF BOSTON,
            **Defendants.**

**DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE THE INTRODUCTION OF THE COMMONWEALTH'S *NOLLE PROSEQUI,* TESTIMONY OF ASSISTANT DISTRICT ATTORNEY JOSEPH PAGLIARULO, AND/OR ANY REFERENCE BY PLAINTIFF OR HIS COUNSEL TO THE DISTRICT ATTORNEY'S DECISION TO *NOLLE PROSEQUI* PLAINTIFF'S CASE**

## I.       MOTION AND ARGUMENT

Now come the Defendants and respectfully request that this Court (1) preclude the introduction of the District Attorney's *nolle prosequi* and/or any testimony or argument regarding the *nolle prosequi* of the plaintiff's criminal case; and (2) exclude the testimony of Assistant District Attorney Joseph Pagliarulo.   As grounds, the Defendants state that it is undisputed that the underlying criminal case was dismissed after the district attorney filed a *nolle prosequi*.   However, the Plaintiff continuously references the district attorney's decision to *nolle prosequi* the case "in the interests of justice" as implicit evidence that probable cause for his arrest did not exist.   The *nolle prosequi* and the district attorney's reasons for entering the *nolle prosequi,* however, are not known and more importantly, are not relevant to any of Plaintiff's claims pursuant to Fed. R. Evid. 401 and is therefore inadmissible.

1

It is expected that plaintiff seeks to introduce the *nolle prosequi* in the underlying criminal case into evidence.  Such evidence should be precluded because it is irrelevant to the issues at hand.  It is undisputed that on March 25, 2009, Plaintiff was arrested for assault by means of a dangerous weapon (firearm) in violation of M.G.L. Chapter 265, § 15B.  The legality of this arrest is the subject of Plaintiff's lawsuit.  The introduction of the *nolle prosequi* filed by the Commonwealth or any reference by plaintiff or his attorney to the *nolle prosequi* or the reasons stated by the Assistant District Attorney for the *nolle prosequi* (that it "would not be in the interests of justice") would be highly prejudicial to the Defendants as it may imply to the jury that the underlying arrest was somehow deficient.

The relevant inquiry here is whether the March 25, 2009 arrest of the plaintiff was supported by probable cause. Probable cause exists where "the facts and circumstances within [the officer's] knowledge and of which [she] had reasonably trustworthy information were sufficient to warrant a prudent [person] in believing that the [plaintiff] had committed or was committing an offense."  *Rivera v. Murphy*, 979 F.2d 259, 263 (1st Cir. 1992). The probable cause analysis involves "an objective assessment of the officer's actions in light of the facts and circumstances confronting him at the time and not [an assessment of] the officer's state of mind at the time the challenged action was taken." *Alexis v. McDonald's,* 67 F.3d 341, 349 (1st Cir. 1995).

The introduction of the *nolle prosequi* and/or testimony or argument referencing the *nolle prosequi* of plaintiff's criminal case would improperly invite the jury to weigh that fact in making a determination that, as a matter of law, must focus on the officers' state of knowledge and actions at the time of the arrest.  Plaintiff's charge of "assault and battery with a dangers weapon (gun)" was ultimately dismissed after the District Attorney's Office entered a *nolle*

*prosequi.* This particular disposition does not constitute relevant evidence which is of consequence to plaintiff's claims. Criminal matters are resolved via *nolle prosequi* for dozens of reasons which are wholly unrelated to the legality of the arrest (i.e. prosecutorial discretion, unavailability of the victim, absence of proof at trial, etc.). Further, officers conducting an arrest are required to adhere to a probable cause standard which is lower than the "beyond a reasonable doubt" standard to which a District Attorney must adhere.

If the jury were to hear that the Plaintiff's criminal case was *nolle prosequi* "in the interests of justice," their focus would then be diverted from the narrow issues in this case: whether the Defendants had probable cause to arrest the plaintiff and whether the Defendant had an ulterior motive in applying for a criminal complaint against the Plaintiff. This evidence should, therefore, be inadmissible as the probative value of admitting such evidence is substantially outweighed by the danger of unfair prejudice to the Defendants. *See* Fed. R. Evid. 403, 404(b) and 806(b). No curative instruction could conceivably remedy such grave prejudice. Therefore, the mere fact that plaintiff's criminal case was ultimately resolved via dismissal based on the entry of a *nolle prosequi* by the Commonwealth does not tend to make plaintiff's claim that his arrest was unlawful any more or less likely.

To the extent that plaintiff seeks to call ADA Pagliarulo to testify (1) to the reasons he entered a *nolle prosequi* in the underlying criminal case; and (2) regarding conversations he allegedly had with former Boston police detective Wightman and/or conversations he had with plaintiff's criminal attorney, his testimony should be excluded on the grounds that it is irrelevant, subject to privilege, and constitutes inadmissible hearsay. To the extent that plaintiff seeks to call ADA Pagliarulo to testify as to his reasons for entering a *nolle prosequi,* that testimony is irrelevant as discussed *supra.* Even further, this Court has already allowed the Attorney

General's motion to quash the testimony of ADA Pagliarulo on the grounds of privilege after plaintiff sought to depose him.   If plaintiff seeks to call ADA Pagliarulo to testify about a conversation he allegedly had with former Sgt. Det. Donald Wightman regarding Wightman's post-arrest opinion of the victim's credibility, such testimony should be precluded because (1) any alleged opinion that the victim was not credible is irrelevant because any such opinion would have been formulated *after* the arrest took place; and (2) any statements by Wightman to ADA Pagliarulo are inadmissible hearsay.   Admission of any such testimony and evidence is not only irrelevant but also highly prejudicial to the Defendants and would essentially result in a mini-trial of the plaintiff's innocence or guilt, rather than in the trial of whether the Defendants had probable cause to arrest the plaintiff based on the information known to them at that time.

## II.     <u>CONCLUSION</u>

For the reasons set forth above, the Defendants seeks to exclude testimony or argument regarding the disposition of plaintiff's criminal case and exclude the testimony of Assistant District Attorney Joseph Pagliarulo.

Respectfully submitted,

DEFENDANTS, LAWRENCE CALDERONE,
ROBERT SHEETS, JEFFREY FIRNSTEIN, and
THE CITY OF BOSTON
William F. Sinnott
Corporation Counsel
By their attorney:


/s/ Lisa Skehill Maki
Lisa Skehill Maki, BBO # 675344
Senior Assistant Corporation Counsel
Dawn M. King, BBO # 661669
Senior Assistant Corporation Counsel
City of Boston Law Department, Room 615
Boston, MA 02201
(617) 635-4022 (Maki)
(617) 635-4023 (King)
Lisa.maki@boston.gov
Dawn.King@boston.gov


## CERTIFICATE OF SERVICE

I, Lisa Skehill Maki, counsel for the Defendants do hereby certify that on this date I served upon counsel for all parties a copy of the instant motion.


DATE: 1/2/14                          /s/ Lisa Skehill Maki
                                      Lisa Skehill Maki