UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
No. 1:12-cv-10540-WGY

PATRICK MICHAUD,
        Plaintiff,

v.

LAWRENCE A. CALDERONE, KENNETH KELLY, JEFFREY FIRNSTEIN, ROBERT SHEETS, AND CITY OF BOSTON,
        Defendants.

**DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF POLICE OFFICERS WHO DO NOT HAVE ANY PERSONAL KNOWLEDGE OF THE FACTS LEADING UP TO PLAINTIFF'S ARREST**

## I.    MOTION AND ARGUMENT

Now come the Defendants and move *in limine* to exclude the testimony of police officers who do not have any knowledge of the facts and circumstances leading up to the plaintiff's arrest. Plaintiff intends to call Noberto Perez, Donald Wightman, Gary Mitchell, and Joseph Collins at trial. None of these police officers have any personal knowledge whatsoever of the facts and circumstances leading up to the arrest. The officers who have knowledge of Plaintiff's arrest are: Officer Erika Bradley, Officer Jeffrey Firnstein, Officer James Hawkins, Lt. Robert Sheets, and Officer Lawrence Calderone. The other officers plaintiff intends to call were present at the police station in some other capacity that day but do not have any personal knowledge as to the facts and circumstances leading up to plaintiff's arrest.

Plaintiff intends to call Noberto Perez to testify about a conversation Officer Perez had with plaintiff's lawyer where plaintiff's lawyer allegedly volunteered to allow the police to search his

property. This conversation is irrelevant as to whether probable cause existed at the time of plaintiff's arrest and is hearsay. Plaintiff also intends to call Donald Wightman to testify as to whether he believed the victim's story. It is undisputed that Donald Wightman was not present when the victim initially came into the station and that he did not go to the scene of the arrest. Thus, Donald Wightman's testimony is completely irrelevant and will not aid the jury in determining whether probable cause existed at the time of plaintiff's arrest.

Plaintiff intends to call Joseph Collins who first appeared as a witness in this case on December 17, 2013 when plaintiff submitted his name on the parties' joint pretrial submissions. The only thing written next to his name is that he is an "electrical contractor for the plaintiff." Thus, on the eve of trial it is still unknown what Joseph Collins's involvement is in the case. Finally, Plaintiff intends to call Gary Mitchell. It is also undisputed that Gary Mitchell was not present when the victim came into the station and did not go to the scene of the arrest and therefore, has no personal knowledge as to the facts and circumstances leading up to arrest.

Because these officers have absolutely no personal knowledge as to the facts and circumstances leading up to plaintiff's arrest and have no relevant information to provide the jury to aid in their determination as to whether probable cause existed, their testimony should be excluded.

| | |
|---|---|
| **CERTIFICATE OF SERVICE**<br><br>I hereby certify that on this day, a copy of this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.<br><br>1/2/14    /s/ Lisa Skehill Maki<br>Date       Lisa Skehill Maki | Respectfully submitted,<br>DEFENDANTS, LAWRENCE CALDERONE, ROBERT SHEETS, JEFFREY FIRNSTEIN, and THE CITY OF BOSTON<br>William F. Sinnott,<br>Corporation Counsel<br><br>By their attorneys,<br><br>/s/ Lisa Skehill Maki<br>Lisa Skehill Maki, BBO # 675344<br>Senior Assistant Corporation Counsel<br>Dawn M. King, BBO # 661669<br>Senior Assistant Corporation Counsel<br>City of Boston Law Department<br>One City Hall Plaza, Room 615<br>Boston, MA 02201<br>(617) 635-4022 (Maki)<br>(617) 635-4023 (King)<br>Lisa.Maki@boston.gov<br>Dawn.King@boston.gov |