# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**CIVIL ACTION**
**No. 1:12-cv-10540-WGY**

PATRICK MICHAUD,
          **Plaintiff,**

v.

LAWRENCE A. CALDERONE,
KENNETH KELLY, JEFFREY
FIRNSTEIN, ROBERT SHEETS,
AND CITY OF BOSTON,
          **Defendants.**

## DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE FACTS NOT KNOWN TO THE DEFENDANTS AT THE TIME OF THE PLAINTIFF'S ARREST

I.          **MOTION AND ARGUMENT**

Now come the Defendants and seek to preclude evidence offered by the Plaintiff of facts not known to Officers Calderone and Firnstein at the time of plaintiff's March 25, 2009 arrest. Specifically, plaintiff seeks to introduce the following:

1.  Unauthenticated surveillance video of March 25, 2009 at the MBTA Forest Hills station;

2.  Ramon Benzan's CORI

3.  Deportation Order for Ramon Benza

4.  Testimony of MBTA Police Lt. Fredericks and Lt. Shea

Plaintiff seeks to introduce into evidence an unauthenticated surveillance video he alleged obtained from the MBTA that shows the victim, Ramon Benzan, entering the Forest Hills MBTA station on the date of the incident.  It is unknown what possible evidentiary value this

video holds as it does not show Mr. Benzan doing anything but entering the T station and it is undisputed that the incident occurred near the Forest Hills T station.  Nevertheless, it seems that plaintiff intends to argue that had Calderone reviewed this particular surveillance video prior to plaintiff's arrest, probable cause would have been diminished.

Plaintiff intends to introduce testimony of Lt. Fredericks and Lt. Shea to testify that they did not receive a complaint of an assault from Ramon Benzan on March 25, 2009.  It appears that plaintiff is intending to argue that had Calderone called the MBTA police to inquire as to whether they had received a complaint regarding an assault with a firearm by Ramon Benzan and the MBTA police reported to him that they had not, probable cause would have been negated. Finally, plaintiff seeks to introduce the CORI of Ramon Benzan along with a deportation order for Ramon Benzan.  Again, it appears that plaintiff intends to argue that had Calderone ran Mr. Benzan's CORI or stumbled upon Mr. Benzan's deportation order, probable cause would have been diminished.

None of this evidence is relevant to the issue at trial:  whether Calderone and Firnstein had probable cause to arrest the plaintiff for assault with a deadly weapon on March 25, 2009. Probable cause to arrest exists where the facts and circumstances *within the officers' knowledge* or of which he has reasonably trustworthy information would warrant a man of ordinary caution in believing that the arrestee has committed or is committing a crime.  *Beck v. State of Ohio,* 379 U.S. 89, 91 (1964) *See also, United States v. Reyes,* 225 F. 3d 71, 75 (1st Cir. 2000).  Here, the plaintiff seeks to conduct a trial within a trial of his guilt or innocence for the charge of assault with a deadly weapon by introducing evidence of things that he believes might have established reasonable doubt at a criminal trial.  Such information is completely irrelevant to Calderone's determination that probable cause existed to arrest him on March 25, 2009 because none of these

facts were known to him at the time of his arrest. Even further, none of these facts (Benzan's deportation order and criminal record, a video showing the victim entering and exiting the train station, and the lack of a report by the victim to MBTA police) would have negated probable cause even if Officer Calderone had known of them.

To the extent that plaintiff attempts to argue or testify that Calderone *should* have learned of these facts, such argument or testimony should be excluded because it is well-settled that Officer Calderone was under no obligation to seek out exculpatory evidence once probable cause had been established. *Baker v. McCollan,* 443 U.S. 137, 145–46 (1979)). "There is no constitutional or statutory requirement that before an arrest can be made the police must conduct a trial." *Duca v. Martins*, 941 F.Supp. 1281, 1290 (D.Mass. 1996) (citing *Gramenos v. Jewel Companies, Inc.,* 797 F.2d 432, 439 (7th Cir.1986)). The "constitution does not guarantee that only the guilty will be arrested." *Baker,* 443 U.S. at 145. "Once a law enforcement officer unearths sufficient facts to establish probable cause, he has no constitutional duty to either explore the possibility that exculpatory evidence may exist or to conduct any further investigation in the hope of finding such evidence." *Acosta supra* at *17.

The only relevant inquiry is what information was known to Calderone and Firnstein at the time of plaintiff's arrest and whether *that* information would lead a reasonably prudent police officer to believe that he or she had probable cause to arrest the plaintiff. *Bolton v. Taylor,* 367 F.3d 5, 7 (1st Cir.2004) ("The only relevant facts are those known to the officer.")

## II.   <u>CONCLUSION</u>

For the reasons set forth above, the Defendants respectfully move this Honorable Court to exclude testimony of MBTA Lieutenants Frederick and Shea along with the unauthenticated MBTA surveillance video, and Ramon Benzan's CORI and deportation order.

Respectfully submitted,

DEFENDANTS
William F. Sinnott
Corporation Counsel
By their attorney:


/s/ Lisa Skehill Maki
Lisa Skehill Maki, BBO # 675344
Senior Assistant Corporation Counsel
Dawn M. King, BBO # 661669
Senior Assistant Corporation Counsel
City of Boston Law Department, Room 615
Boston, MA 02201
(617) 635-4022 (Maki)
(617) 635-4023 (King)
Lisa.maki@boston.gov
Dawn.King@boston.gov


## CERTIFICATE OF SERVICE

I, Lisa Skehill Maki, counsel for the Defendants do hereby certify that on this date I served upon counsel for all parties a copy of the instant motion.


DATE: 1/2/14                    /s/ Lisa Skehill Maki
                               Lisa Skehill Maki