UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
No. 1:12-cv-10540-WGY

PATRICK MICHAUD,
        Plaintiff,

v.

LAWRENCE A. CALDERONE, KENNETH KELLY, JEFFREY FIRNSTEIN, ROBERT SHEETS, AND CITY OF BOSTON,
        Defendants.

**DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF PREVIOUSLY UNDISCLOSED WITNESSES AND/OR WITNESSES WHO DO NOT HAVE RELEVANT INFORMATION TO AID THE JURY: ATTORNEY TODD BENNETT, ATTORNEY MARYANN CHASE, ASSISTANT ATTORNEY GENERAL ARGIE SHAPIRO, JOSEPH GRIFFIN, DAVID ERTISCHEK, AND GREG REIBMAN**

Now come the Defendants and move *in limine* to preclude the testimony of Attorney Todd Bennett, Attorney Maryann Chase, Assistant District Attorney Joseph Pagliarulo, Joseph Griffin, David Ertischek, and Greg Reibman. As grounds, the Defendants state that these witnesses do not have any relevant testimony to aid the jury in their deliberations and as such, their testimony should be precluded.

    a. **Todd Bennett**

Plaintiff intends to call his criminal defense attorney to testify about an alleged conversation he had with ADA Pagliarulo where ADA Pagliarulo allegedly told Attorney Bennett that Sgt. Det. Wightman told ADA Pagliarulo that he (Wightman) did not believe the victim's story. This testimony is clearly inadmissible as it consists of three levels of inadmissible hearsay. To the extent that the plaintiff is seeking to elicit other testimony from

1

Attorney Bennett, such testimony should be prohibited as plaintiff has continuously invoked the attorney-client privilege in response to the Defendants' request for information that Attorney Bennett has relevant to plaintiff's claims. To the extent that the plaintiff seeks to have Attorney Bennett testify as to his damages, plaintiff has failed to produce any bills or documentation to support any claim for damages in support of his case and testified at his deposition that he did not think he even paid Attorney Bennett. Therefore, Attorney Bennett should be precluded from testifying as to any alleged damages.

### b. Attorney Maryann Chase and AAG Shapiro

The first time Attorney Chase or AAG Shapiro's names appear as witnesses in this case is in the plaintiff's pretrial submissions. It is unknown why plaintiff intends to call Attorney Chase because he only references Attorney Chase as representing him in his motion to expunge. Plaintiff has never produced a bill from Attorney Chase in his initial disclosures or in his responses to the Defendant's discovery requests. Further, plaintiff testified that he represented himself in his attempts to expunge his record. Thus, Attorney Chase should not be allowed to testify regarding the cost of her representation of the plaintiff during his unsuccessful attempts to have his record expunged.

It is completely unknown what testimony plaintiff seeks to elicit from Assistant Attorney General Shapiro because he failed to ever disclose her as a witness prior to his pretrial submissions. To the extent that plaintiff attempts to call AAG Shapiro to testify that she opposed the plaintiff's motion to expunge his criminal record, that testimony is completely irrelevant as it does not bear on any of the issues in the case.

### c. David Ertischek and Greg Reibman

The plaintiff intends to call two editors of "Wicked Local" an online newspaper to testify that they published information regarding plaintiff's arrest online. It is undisputed that plaintiff's arrest appeared in "Wicked Local," and it is undisputed that none of the Defendant officers published plaintiff's arrest information to these editors. Plaintiff's theory of liability for his defamation claim is that the Defendants wrote a police report, which is public record, and by authoring a public record it became part of the public domain where it was found by the editors of "Wicked Local" and published on the internet. Because it is undisputed that none of the Defendant officers published the police report to the editors of "Wicked Local," the testimony of David Ertischek and Greg Reibman is redundant and irrelevant because it is undisputed that plaintiff's arrest was published on the internet. Moreover, these witnesses were never disclosed prior to plaintiff's pretrial submissions and should be precluded on those grounds as well.

### d. Joseph Griffin

Plaintiff lists Joseph Griffin as a witness for the first time on the parties' joint pretrial submissions. He identifies this witness as an individual who is a "former Cambridge police officer who pulled Plaintiff's CORI program." Such evidence is irrelevant to whether the officer's had probable cause to arrest the plaintiff on March 25, 2009. To the extent plaintiff seeks to prove that he is unable to become a teacher as a result of his March 25, 2009 arrest, such testimony should be excluded because it was never disclosed before and plaintiff testified in his deposition that he did not know whether his arrest had any impact on his ability to become a teacher in the future. It is clear that plaintiff is seeking to prove damages through speculation, conjecture, and surmise. Therefore, the testimony of never-disclosed-before Joseph Griffin should be precluded.

## II. CONCLUSION

For the reasons set forth above, the Defendants respectfully move this Honorable Court to exclude testimony of Attorney Todd Bennett, Attorney Maryann Chase, Assistant Attorney General Argie Shapiro, Joseph Shapiro, David Ertischek, and Greg Reibman.

                                                    Respectfully submitted,

                                                    DEFENDANTS, LAWRENCE CALDERONE,
ROBERT SHEETS, JEFFREY FIRNSTEIN, and
THE CITY OF BOSTON
William F. Sinnott
Corporation Counsel
By their attorney:

/s/ Lisa Skehill Maki
Lisa Skehill Maki, BBO # 675344
Senior Assistant Corporation Counsel
Dawn M. King, BBO # 661669
Senior Assistant Corporation Counsel
City of Boston Law Department, Room 615
Boston, MA 02201
(617) 635-4022 (Maki)
(617) 635-4023 (King)
Lisa.maki@boston.gov
Dawn.King@boston.gov

## CERTIFICATE OF SERVICE

I, Lisa Skehill Maki, counsel for the Defendants do hereby certify that on this date I served upon counsel for all parties a copy of the instant motion.

DATE: 1/2/14                          /s/ Lisa Skehill Maki
                                          Lisa Skehill Maki