UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
No. 1:12-cv-10540-WGY

PATRICK MICHAUD,
        Plaintiff,

v.

LAWRENCE A. CALDERONE,
KENNETH KELLY, JEFFREY
FIRNSTEIN, ROBERT SHEETS,
AND CITY OF BOSTON,
        Defendants.

**DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE PLAINTIFF'S CLAIMS FOR DAMAGES BASED ON HIS OWN TIME SPENT DEFENDING HIS CRIMINAL CASE AND ATTEMPTING TO EXPUNGE HIS RECORD AND/OR FOR TIME SPENT BY THE ATTORNEYS WHO REPRESENTED HIM DURING THOSE PROCEEDINGS**

**I.**     **MOTION AND ARGUMENT**

Now come the Defendants and hereby respectfully move *in limine* to preclude the plaintiff from seeking monetary damages for the time he spent working on his criminal case, his motion to expunge his criminal record, and his work on the present case. As grounds, the Defendants state that the plaintiff testified at his deposition that he spent "countless hours" working on his criminal case, his motion to expunge his criminal record, and the present case. To the extent that plaintiff seeks to recover damages for *his* work on his own criminal case, his unsuccessful motion to expunge, and the instant civil case, the Defendants move to preclude plaintiff from doing so.

Although plaintiff is an attorney, he has not produced a single bill or time record to show the hours worked on his criminal case. Nor has the plaintiff submitted evidence

of his hourly billing rate. The plaintiff did not produce such bills or records as part of his Rule 26 disclosures nor did he produce such records in response to discovery requests seeking bills for his damages claims. If the plaintiff were allowed to seek compensatory damages for his own time spent defending his criminal case, the jury would be forced to speculate as to the amount of such damages because the plaintiff has not produced any bills whatsoever. Moreover, plaintiff is not entitled to recover attorney's fees as part of his claim for damages in his Section 1983 case.

Furthermore, plaintiff has failed to submit any bills for the criminal defense attorney he hired in the criminal case or the attorney he hired to represent him in his motion to expunge. Plaintiff failed to produce a single bill that he paid for these services and in fact testified in his deposition that he did not think he even paid his criminal defense attorney because he did "most of the work." The relevant portions of his deposition transcript are as follows:

Q: And you told me before Todd Bennett was your lawyer in the criminal case; is that right?

A: Yes

Q: How did he come to be your attorney?

A: I hired him.

Q: He wasn't court appointed?

A: No. I also represented myself in that as well.

Q: Did you pay Todd Bennett to represent you?

A: I'm not sure what I paid him, if anything.

Q: So it's possible you didn't pay him anything?

A:  I don't remember.  I did most of the work, so --

Based on plaintiff's failure to produce bills pursuant to Rules 26 and 34 and his representation during his deposition that he did not think he paid Attorney Bennett at all, he should be precluded from seeking compensatory damages for attorneys' fees for the underlying criminal case or motion to expunge.  Further, to the extent plaintiff seeks to be compensated for his own time spent defending the matter and moving to expunge his records, such compensatory damages are purely self-serving and speculative.  Further, he has never produced such bills or time records to the Defendants in support of his claims.

Wherefore, the Defendants seek to preclude plaintiff from seeking compensation for his own work or for that of attorneys who represented him in his criminal case or motion to expunge on the grounds that he has failed to produce any records to defense counsel and the jury would be forced to speculate as to the amount of these damages.  As such, any claim by plaintiff for an award of fees for his own personal time spent on his criminal case should be precluded.

Respectfully submitted,

DEFENDANTS, LAWRENCE CALDERONE, JEFFREY FIRNSTEIN, ROBERT SHEETS, and THE CITY OF BOSTON
William F. Sinnott
Corporation Counsel
By their attorney:


/s/ Lisa Skehill Maki
   Lisa Skehill Maki, BBO # 675344
Senior Assistant Corporation Counsel
Dawn M. King, BBO # 661669
Senior Assistant Corporation Counsel
City of Boston Law Department, Room 615
Boston, MA 02201
(617) 635-4022 (Maki)
(617) 635-4023 (King)
Lisa.maki@boston.gov
Dawn.King@boston.gov


**CERTIFICATE OF SERVICE**

I, Lisa Skehill Maki, counsel for the Defendants do hereby certify that on this date I served upon counsel for all parties a copy of the instant motion.

DATE: 1/2/14                  /s/ Lisa Skehill Maki
                                          Lisa Skehill Maki