UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
No. 1:12-cv-10540-WGY

PATRICK MICHAUD,
        Plaintiff,

v.

LAWRENCE A. CALDERONE,
KENNETH KELLY, JEFFREY
FIRNSTEIN, ROBERT SHEETS, AND
CITY OF BOSTON,
        Defendants.

**DEFENDANTS' MOTION *IN LIMINE* TO DISMISS PLAINTIFF'S 42 U.S.C. § 1983 CLAIM AGAINST THE CITY AND TO DISMISS PLAINTIFF'S DEFAMATION CLAIM**

Now come the Defendants and hereby move *in limine* to dismiss Plaintiff's 42 U.S.C. § 1983 claim against the City of Boston and plaintiff's defamation claim against all Defendants. As grounds, the Defendants state that plaintiff's *Monell* and defamation claims fail as a matter of law. To present legally insufficient claims of municipal liability and defamation at trial would only serve to confuse and mislead the jury as to the issues in the case: whether the officers had probable cause to arrest the plaintiff on March 25, 2009.

    **I.**    **The Admissible Evidence Unequivocally Shows That Plaintiff's *Monell* Claim Fails As A Matter of Law.**

As more fully set forth in the City's memorandum in support of its motion for summary judgment, Calderone has **one** prior citizen complaint arose from a 1996 arrest. The Boston police internal affairs unit investigated the complaint and made several attempts to conduct an interview with the complainant. Eventually, the complainant's attorney advised the investigators that the complainant was not willing to be interviewed.

1

As a result, the investigation could not be concluded without the complainant's version of events.  The investigation was "filed" pending new information from the complainant.  To date, the investigation remains "filed."

Calderone did not have a single citizen complaint in the thirteen years between the 1996 complaint and the plaintiff's March 25, 2009 arrest.  One prior complaint against a police officer is, as a matter of law, insufficient to support a *Monell* claim.  *Oklahoma v. Tuttle,* 471 U.S. 808, 823–24 (1985); *Burke,* 2003 WL 23327539, at *13.  Evidence of citizen complaints against an officer, without more, does not suffice to show a municipal custom of permitting or encouraging excessive force. *Trinidad v. City of Boston*, 2010 WL 2817186, at *11 (D.Mass. 2010).

A plaintiff must, at the very least, produce evidence that serious prior incidents similar to the alleged constitutional violation in question put the municipality on inquiry notice of an officer's danger to the public and that the police department's policy of ignoring or covering up those incidents was "the moving force" behind the alleged violation. *See Young v. City of Providence,* 404 F.3d 4, 25–28 (1st Cir. 2005).  Plaintiff only has one prior instance of alleged misconduct against Officer Calderone.  Accordingly, his *Monell* claim fails as a matter of law.  In the alternative, the Defendants request that the Court bifurcate the plaintiff's *Monell* claim for the reasons set forth in the Defendants' motion *in limine* to bifurcate.

> II.     **Plaintiff's Defamation Claim Fails As A Matter Of Law Because Police Reports Are Privileged.**

"Defamation is the publication of material by one <u>without a privilege to do so</u> which ridicules or treats the plaintiff with contempt." *Correllas v. Viveiros,* 410 Mass. 314, 319 (1991) (emphasis added).  Statements made in the course of judicial proceedings

– such as an application for a criminal complaint – are absolutely privileged. *Id.* at 319, 321-22.  Here, Plaintiff claims a police report written by Calderone and approved by Sheets defamed him.  But the police report ultimately was included within the judicial proceeding of an application seeking a criminal complaint and therefore should be treated as absolutely privileged. *See Sietins v. Joseph*, 238 F. Supp. 2d 366, 379 (D. Mass. 2003) (summary judgment granted because the allegedly defamatory statements made by police "in the context of seeking a criminal complaint" were absolutely privileged).[1]

Even if the statements in the police report are not absolutely privileged, they are subject to a conditional or qualified privilege which immunizes defendants from liability. "Statements made by public officials while performing their official duties are conditionally privileged." *Mulgrew v. City of Taunton*, 410 Mass. 631, 635 (1991).  This conditional privilege may be waived if defendants abuse it by, for example, acting with malice or engaging in unnecessary publication. *See id.* at 634.  Here, there is no evidence that any of the defendants – all public officials performing official duties – abused this privilege.  Defendant Calderone wrote a report detailing his investigation and reciting the

---

[1] To the extent that *Dear v. Devaney*, 83 Mass. App. Ct. 285 (2013), holds that police investigatory reports are only conditionally privileged, that case is distinguishable in a number of respects: (1) the investigatory reports were made in the context of a licensing investigation, not a criminal investigation; (2) the plaintiff, Dear, was neither a party nor witness to the licensing investigation whereas Mr. Michaud is the plaintiff here; (3) Dear would have had "no opportunity to test the validity of the statements at the proceedings," *id.* at 293, but plaintiff had the opportunity to test the alleged defamatory statements through discovery; (4) the *Dear* report contained few witness statements (which are absolutely privileged) while Calderone's report relied on witness statements; and (5) the *Dear* report was "merely providing information" for a further licensing investigation "far removed from any quasi judicial proceedings," *id.,* but here the police report led directly to a criminal complaint.  Moreover, the *Dear* court did not "rule categorically on the privileged status of police investigatory reports in general.  Our holding is more fact-specific." *Id.* at 292 n.7.  Finally, even *Dear* concedes that the police reports should be subject to a qualified privilege. *Id.* at 293.

probable cause to arrest the plaintiff. Defendant Sheets approved the report because it contained probable cause. Plaintiff points to no facts that Defendant Calderone or Defendant Sheets did anything but follow stand procedure. Likewise, Plaintiff does not indicate when or how Defendant Calderone or Defendant Sheets published the report to a third party, unnecessarily or otherwise.

Accordingly, Defendants respectfully ask this Court to dismiss Plaintiff's defamation claim because the allegedly defamatory statements in the police report are absolutely or conditionally privileged.

Respectfully submitted,

DEFENDANTS, LAWRENCE CALDERONE, ROBERT SHEETS, JEFFREY FIRNSTEIN, and THE CITY OF BOSTON
William F. Sinnott
Corporation Counsel
By their attorney:


/s/ Lisa Skehill Maki
Lisa Skehill Maki, BBO # 675344
Senior Assistant Corporation Counsel
Dawn M. King, BBO # 661669
Senior Assistant Corporation Counsel
City of Boston Law Department, Room 615
Boston, MA 02201
(617) 635-4022 (Maki)
(617) 635-4023 (King)
Lisa.maki@boston.gov
Dawn.King@boston.gov

## CERTIFICATE OF SERVICE

I, Lisa Skehill Maki, counsel for the Defendants do hereby certify that on this date I served upon counsel for all parties a copy of the instant motion.

DATE: 1/3/14           /s/ Lisa Skehill Maki
                       Lisa Skehill Maki