UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PATRICK MICHAUD

Plaintiff,

v.

LAWRENCE A. CALDERONE,
KENNETH KELLY, JEFFREY FIRNSTEIN,
ROBERT SHEETS and CITY OF BOSTON

Defendants.

CIVIL ACTION NO.
1:12-CV-10540-WGY

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION**
*IN LIMINE* **TO BIFURCATE** *MONNELL* **CLAIMS**

Plaintiff Patrick Michaud ("Plaintiff") hereby opposes the Defendants' last-minute request for bifurcation of the so-called *Monnell* claims against the City of Boston because it is untimely, prejudicial, and would violate Plaintiff's right to a jury trial. Further, conducting a second trial in the event Plaintiff prevails against the individual police officers in the first trial is an inefficient use of judicial resources, especially given the fact that the evidence in both trials would be largely the same.  For these reasons, the untimely motion to bifurcate should be denied.

## ARGUMENT

Rule 42(b) is subject to an important limitation in that "the issue to be tried [separately] must be so distinct and separate from the others that a trial of it alone may be had without injustice.' "*Disparte v. Corporate Executive Bd.*, 223 F.R.D. 7, 12 (D.D.C. 2004) (quoting *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 305 (5th Cir. 1993)). This limitation stems from the Seventh Amendment's guarantee of a litigant's right to a jury trial. On its face, Rule 42(b) requires courts to "preserve any federal right to a jury trial." Fed. R. Civ. P. 42(b).  And the Seventh Amendment's guarantee of a trial by jury inherently contains the "general right of a litigant to have *only one jury* pass on a *common issue of fact.*" *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 305 (5th Cir. 1993) (quoting *State of Ala. v. Blue Bird Body Co., Inc.*, 573 F.2d 309, 318 (5th Cir. 1978)) (emphasis in original).

Defendants correctly point out that it is their burden as the moving party to demonstrate not only that severance is appropriate and necessary to protect them from undue prejudice or inconvenience, but also that bifurcation would not cause his adversary such prejudice or inconvenience. What the request for bifurcation all but ignores is the prejudice to Plaintiff.  This 11th request comes within days of the start of trial, as Plaintiff has already began formulating his opening statement, the witnesses to be called, and exhibits to be admitted. Bifurcation now is simply an effort to derail Plaintiff's trial preparation.  The timing of the motion alone merits denial.

But the motion's substantive argument is flawed as well. The principal basis for the request to bifurcate is to keep evidence of Defendant Calderone's prior arrests without probable cause away from the jury in determining whether he had probable cause to arrest the Plaintiff. Defendants implicitly concede that such evidence of prior (and subsequent) conduct is admissible against the City of Boston, who is charged with being aware of Defendant Calderone's conduct while on duty. This evidence is clearly relevant to the failure to supervise claim.

The sole issue, thus it appears, is whether *Officer Calderone* can be confronted with his prior bad acts in a trial on his own personal liability. Defendants Calderone, Firnstein, and Sheets argue that they will be unduly prejudiced if the jury hears about Calderone's prior arrests.  Specifically, they claim that there is a danger that the jury would paint each of the Defendants with the same broad brush as Calderone, and that the only way to prevent this unfair result is to separate the Plaintiff's municipal liability claims.

The flaw with this argument is that Plaintiff does not offer Defendant Calderone's prior misconduct to prove the conduct in this case, or that this conduct was caused by a character-based *propensity* to make unlawful arrests. Defendants do not dispute that Defendants arrested Plaintiff, that Defendants imprisoned Plaintiff, or that Defendants applied for a criminal complaint against Plaintiff. The evidence would not be offered to show conduct, whatsoever. Rather, Plaintiff offers the prior incidents as evidence to support his claim that

Defendant Calderone appears to *lack knowledge* of what probable cause is.  In his

deposition, Officer Calderone defined probable cause as:

> Q: What is your understanding of probable cause?
>
> A: My understanding of probable cause is having more of a belief –
> more than a reasonable doubt that an incident or altercation or a
> crime has been committed. Probable cause, as I was taught, as I
> remember, is that step above and beyond reasonable doubt.

(Calderone Dep. Tr. at 10-11).

Based on this testimony, a jury can conclude that Officer Calderone is

unfamiliar of the facts necessary to establish probable cause.  A juror would

reasonably expect that this ignorance would lead to similar mistakes in the past.

But the absence of such mistakes—which would be the evidentiary record if the

information were excluded—would lead a reasonable juror to conclude that

must Calderone really does understand what probable cause means and chalk

up his inability to articulate the standard properly to poor communication skills.

Such a conclusion would be prejudicial to Plaintiff, especially where the evidence

shows that that his faulty understanding rears its head with some regularity. The

evidence would negate the Defendants' defense that Officer Calderone made an

innocent mistake.

Moreover, Plaintiff offers the prior bad act evidence to show Officer

Calderone's willful disregard or conscious indifference to the legal requirements

of probable cause.  Each prior instance gives the jury evidence that Officer

Calderone knew or should have known the legal requirements of probable cause,

and yet chose to ignore them on this occasion.

Because Plaintiff would be prejudiced in his prosecution of the non-municipal Defendants, and the motion is untimely, further prejudicing Plaintiff, the request for bifurcation should be denied.

<u>CONCLUSION</u>

For these reasons, the motion should be denied because prejudice to Plaintiff outweighs any illusory conservation of judicial resources. Last-minute bifurcation will merely disrupt Plaintiff's trial preparations, and will likely cause two duplicative trials. In the event the Court is inclined to grant the motion, Plaintiff requests that it be conditioned on the City of Boston filing a declaration that it will satisfy a judgment returned against one or more of its officers for violation of the Plaintiff's constitutional rights, should such be proven at trial. *See Adams v. City of Boston*, CIV.A.07-10698-RGS, 2008 WL 4186275 (D. Mass. Sept. 9, 2008) (allowing bifurcation on the condition that the city file a declaration that it will satisfy a judgment returned against one or more of its officers for violation of the plaintiff's rights.)

Respectfully submitted,

January 3, 2014

/s/ *Ilyas J. Rona*
Ilyas J. Rona (BBO # 642964)
Milligan Coughlin LLC
Seven Liberty Square, 2nd floor,
Boston, MA 02109
(617) 758-8800
ijr@milligancoughlin.com

5

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of this Court's CM/ECF system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's CM/ECF system. Paper copies will be sent this day to non-registered participants.

/s/ *Ilyas J. Rona*