UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PATRICK MICHAUD,

     Plaintiff,

  v.

                                    C. A.  No. 12-cv-10540-WGY

LAWRENCE A. CALDERONE,
KENNETH KELLY, JEFFREY FIRNSTEIN,
ROBERT SHEETS AND CITY OF
BOSTON,

     Defendants.

**PLAINTIFF'S MOTION *IN LIMINE* TO ALLOW STATEMENTS**
**OF CITY OF BOSTON EMPLOYEES AS NON-HEARSAY**

Plaintiff Patrick Michaud respectfully moves this Court for an *in limine* ruling

allowing statements made by employees of the City of Boston to be admissible as non-

hearsay in accordance with Fed. R. Evid. 801(d)(2).  The statements sought to be

admitted were all made by employees of City of Boston's Police Department, acting in

the scope of their duties.  Accordingly, those statements are all admissible as non-

hearsay.

**ARGUMENT**

Federal Rule of Evidence 801(d)(2) provides that a statement is not hearsay where it

"is offered against a party and is ... (D) a statement by the party's agent or servant

concerning a matter within the scope of the agency or employment, made during the

existence of the relationship." *See Gomez v. Rivera Rodriguez, 344 F.3d 103, 116 (1st*

*Cir.2003).* The First Circuit has held that an "employee's station within the organization

is not relevant to the Rule 801(d)(2) analysis." *McDonough v. City of Quincy,* 452 F.3d 8, 21 (1st Cir.2006). Instead, "[t]he relevant inquiry is whether the employee's statement was made within the scope of employment." *Id.* In *Lucas v. City of Boston*, the District Court found that the statements of a police officer were admissible as non-hearsay out of court statements because the statements "were made while he was an active police officer employed by the City of Boston and pertained directly to his job duties." *Lucas v. City of Boston*, CIVA 07-CV-10979-DPW, 2009 WL 1844288 (D. Mass. June 19, 2009).

Likewise, in this case statements made by any employee of the City of Boston and the Boston Police Department should be admissible against the City of Boston so long as the statements were made within the "scope of employment."

WHEREFORE Plaintiff respectfully moves that this Court allow Plaintiff to offer statements made by City of Boston employees against the City of Boston pursuant to Fed. R. Evid. 801(d)(2).

Respectfully Submitted,

Dated: January 3, 2014

/s/ *Ilyas J. Rona*
Leonard E. Milligan III  (BBO #668836)
MILLIGAN COUGHLIN LLC
Seven Liberty Square, 2nd Floor
Boston, Massachusetts 02109
Tel: (617) 758-8800
Email: ijr@milligancoughlin.com

*Attorneys for Plaintiff Patrick Michaud*

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of this Court's CM/ECF system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's CM/ECF system. Paper copies will be sent this day to non-registered participants.

/s/ *Ilyas J. Rona*