## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**CIVIL ACTION**
**No. 1:12-cv-10540-WGY**

**PATRICK MICHAUD,**
                    **Plaintiff,**

**v.**

**LAWRENCE A. CALDERONE,**
**KENNETH KELLY, JEFFREY**
**FIRNSTEIN, ROBERT SHEETS, AND**
**CITY OF BOSTON,**
                    **Defendants.**

**DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF FROM REFERENCING OFFICER CALDERONE'S DEPOSITION TESTIMONY OF THE LEGAL DEFINITION OF PROBABLE CAUSE IN HIS OPENING STATEMENT OR THROUGH CROSS-EXAMINATION**

Now come the Defendants and hereby move *in limine* to preclude the plaintiff or his attorneys from arguing in their opening statement or introducing through cross-examination their opinion that Officer Calderone does not know the legal definition of probable cause. As grounds, the Defendants state that Officer Calderone's ability to recite the legal definition of probable cause within the confines of a deposition is completely irrelevant to the facts at issue. Plaintiff's is now attempting to prove that he was arrested by "mistake" because Officer Calderone gave, what his attorneys believe, is an unsatisfactory recitation of the legal definition of probable cause at his deposition. Officer Calderone's deposition testimony is completely irrelevant to whether probable cause existed at the time of plaintiff's arrest.

Plaintiff's attempt to present the jury with argument or testimony that Officer Calderone is unable to properly recite the legal definition of probable cause is a desperate

1

attempt to distract and mislead the jury away from the objective analysis they are required to engage in.  It is black letter law that the officers' thinking process is irrelevant to the probable cause inquiry.  The question of probable cause, like the question of reasonable suspicion, is an objective inquiry. *See Bolton v. Taylor,* 367 F.3d 5, 7 (1st Cir. 2004). The "actual motive or thought process of the officer is not plumbed." *Id.* (citing *Whren v. United States,* 517 U.S. 806, 813 (1996)).  The probable cause analysis does not involve consideration of "'the officer's state of mind at the time the challenged action was taken,'" but rather "involves 'an objective assessment of the officer's actions in light of the facts and circumstances confronting him at the time.'" *Sietins v. Joseph,* 238 F.Supp.2d 366, 375 (D.Mass. 2003); quoting *Alexis v. McDonald's Rests. of Mass., Inc.,* 67 F.3d 341, 353 (1st Cir.1995).  Thus, "[t]he inquiry into probable cause focuses on what the officer knew at the time of the arrest, and should evaluate the totality of the circumstances." *United States v. Jones,* 432 F.3d 34, 41 (1st Cir. 2005).

Even further removed from the analysis is Officer Calderone's recitation of the legal definition of probable cause at his deposition some four years later.  Therefore, Officer Calderone's recitation of the legal definition of probable cause is utterly irrelevant, of no probative value, and unduly prejudicial.  Plaintiff's attempt to introduce such testimony is simply an attempt to distract, confuse, and mislead the jury as to the real issue in the case:  whether at the time of plaintiff's arrest, viewed form an objectively reasonable and prudent police officer, Officer Calderone had probable cause to believe plaintiff had committed an assault with a firearm.

Respectfully submitted,

DEFENDANTS, LAWRENCE
CALDERONE, ROBERT SHEETS,
JEFFREY FIRNSTEIN, and THE CITY OF
BOSTON
William F. Sinnott
Corporation Counsel
By their attorney:


/s/ Lisa Skehill Maki
Lisa Skehill Maki, BBO # 675344
Senior Assistant Corporation Counsel
Dawn M. King, BBO # 661669
Senior Assistant Corporation Counsel
City of Boston Law Department, Room 615
Boston, MA 02201
(617) 635-4022 (Maki)
(617) 635-4023 (King)
Lisa.maki@boston.gov
Dawn.King@boston.gov


## CERTIFICATE OF SERVICE

I, Lisa Skehill Maki, counsel for the Defendants do hereby certify that on this date I served upon counsel for all parties a copy of the instant motion.

DATE: 1/4/14                  /s/ Lisa Skehill Maki
                              Lisa Skehill Maki