UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
No. 1:12-cv-10540-WGY

PATRICK MICHAUD,
        Plaintiff,

v.

LAWRENCE A. CALDERONE,
KENNETH KELLY, JEFFREY
FIRNSTEIN, ROBERT SHEETS, AND
CITY OF BOSTON,
        Defendants.

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO ALLOW STATEMENTS OF CITY OF BOSTON EMPLOYEES AS NON-HEARSAY

    Now come the Defendants and hereby oppose plaintiff's motion *in limine* to allow statements of City of Boston employees as non-hearsay. Although plaintiff fails to identify which City employees' out of court statements he seeks to introduce at trial, it appears that he seeks to introduce statements made by retired Boston police sergeant detective Donald Wightman. According to the plaintiff, Sgt. Det. Wighman made statements to assistant district attorney Joseph Pagliarulo who in turn made statements to plaintiff's criminal defense attorney Todd Bennett, who in turn made them to the plaintiff, that he personally did not believe the victim's story.

    First, such testimony is completely irrelevant to the issue in this case: whether the facts known to the officers at the time of arrest were sufficient to establish probable cause to arrest the plaintiff. Whether Sgt. Det. Wightman told the assistant district attorney some months later that he personally did not believe the victim is irrelevant because it is

undisputed that Sgt. Det. Wightman was not an arresting officer and his beliefs or disbeliefs were never known to the arresting officers prior to plaintiff's arrest. Even if true, the fact that one officer out of five does not believe the victim is insufficient to show that probable cause did not exist because the relevant inquiry is objectively whether a reasonably prudent police officer would have believed probable cause existed. Not whether Sgt. Det. Wightman in particular believed the victim' statements.

Second, such testimony is barred by at least two other levels of inadmissible hearsay. And, such testimony is inadmissible as against the City because such testimony has no bearing on what the City's policy of discipline or training was—the only claims the plaintiff has against the City of Boston. Plaintiff cites to *Lucas v. City of Boston,* 2009 WL 1844288 (D. Mass. June 19, 2009) to support his theory that such statements would be admissible as against the City. The statements at issue in *Lucas* were statements made by a Boston police sergeant that the **City's policy** was to detain adults during protective sweeps. Here, Sgt. Det. Wightman's statements are not relevant to the City's policy on discipline or training. Rather, these alleged statements are his own personal opinion about the credibility of a victim. Such testimony has no bearing on the plaintiff's claims against the City for failure to discipline or train. Finally, such statements should not be admitted as Sgt. Det. Wightman was deposed in this case and disputes ever making such statements. The untrustworthiness of these particular hearsay statements go to the very essence of the rule against hearsay. Therefore, such statements should be excluded at trial.

Finally, because plaintiff fails to identify the hearsay statements or the identity of the individual making such hearsay statements, the court should deny the motion on those grounds alone. It is clear that the plaintiff is seeking unlimited authority from the Court to

2

introduce all hearsay statements of City employees. Such hearsay statements should be reviewed individually because of the danger and unfair prejudice of allowing the plaintiff to introduce *carte blanche,* the hearsay statements of City employees.

>
> Respectfully submitted,
>
> DEFENDANTS, LAWRENCE CALDERONE, ROBERT SHEETS, JEFFREY FIRNSTEIN, and THE CITY OF BOSTON
> William F. Sinnott
> Corporation Counsel
> By their attorney:
>
> /s/ Lisa Skehill Maki
> Lisa Skehill Maki, BBO # 675344
> Senior Assistant Corporation Counsel
> Dawn M. King, BBO # 661669
> Senior Assistant Corporation Counsel
> City of Boston Law Department, Room 615
> Boston, MA 02201
> (617) 635-4022 (Maki)
> (617) 635-4023 (King)
> Lisa.maki@boston.gov
> Dawn.King@boston.gov

### CERTIFICATE OF SERVICE

I, Lisa Skehill Maki, counsel for the Defendants do hereby certify that on this date I served upon counsel for all parties a copy of the instant motion.

DATE: 1/4/14            /s/ Lisa Skehill Maki
                        Lisa Skehill Maki