UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICK MICHAUD<br><br>　　　Plaintiff,<br><br>　　v.<br><br>LAWRENCE A. CALDERONE,<br>KENNETH KELLY, JEFFREY FIRNSTEIN,<br>ROBERT SHEETS and CITY OF BOSTON<br><br>　　　Defendants. | CIVIL ACTION NO.<br>1:12-CV-10540-WGY |

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS *IN LIMINE* FOR A PRE-CHARGE AND SUPPLEMENTAL PRE-CHARGE

Plaintiff Patrick Michaud ("Plaintiff" or "Michaud") hereby opposes the Defendants' motions *in limine* requesting a "pre-charge" to the jury on the law of probable cause (Doc. No. 121) and assault (Doc. No. 133). The Defendants' proposed "pre-charge" instructions are unnecessary, premature, and prejudicial to the Plaintiff. The proposed "pre-charge" instructions cherry-pick favorable parts of the law to advance Defendants' own arguments.  But Defendants' arguments should not come from the mouth of the Court. Instead, the jury should be given the opportunity to view the facts impartially, and then be given their instructions after closing arguments.

## ARGUMENT

**A. The Probable Cause "Pre-Charge" is Incomplete and Prejudicial**

Defendants misstate the law in their proposed "pre-charge" by the sin of omission. While the proposed "pre-charge" includes some of the law on probable cause, it leaves out important standards and overemphasizes the Defendants' own arguments. The proposed "pre-charge" neglects to discuss the following: probable cause for an arrest exists when the arresting officer reasonably concludes that a crime has been committed. *Beck v. Ohio*, 379 U.S. 89, 91 (1964). A mere possibility that a person has committed a crime is not enough to establish probable cause. The hunch, guess, conjecture, or surmise of an officer is not enough, and there must be actual evidence to reasonably lead to the conclusion that the suspect has committed a crime. Whether probable cause exists depend on the totality of the circumstances. *Acosta v. Ames Dep't Stores, Inc.*, 386 F.3d 5, 10 (1st Cir. 2004). Probable cause is a defense to a claim of false arrest. Thus the Defendants carry the burden of proving they had probable cause to arrest the Plaintiff. *Karr v. Smith*, 774 F.2d 1029, 1031 (10th Cir. 1985); *Losch v. Borough of Parkesburg*, 736 F.2d 903, 909 (3d Cir. 1984), citing *Pierson v. Ray*, 386 U.S. 547, 556-57 (1967).

While a "pre-charge" instruction under some circumstances might be useful, here it serves no purpose to give a truncated instruction that at best is overly simplistic and at worst steers the jury towards one side's position or the other. Probable cause is an affirmative defense and the Defendants bear the burden of establishing it. Given that that this trial won't be complex and is not expect to last too long, it is unnecessary to

depart from the traditional practices of instructing the jury on probable cause at the end of the trial.

### B. The Assault "Pre-Charge" Is incomplete and Prejudicial

The supplemental "pre-charge" on assault is even farther afield than the probable cause "pre-charge" because assault itself only appears as an element to Defendants' probable cause affirmative defense. Such an instruction will only confuse rather than enlighten the jury, who will wonder why they are being instructed about the elements of assault when the Plaintiff does not claim he was assaulted. The appropriate time to instruct the jury on the nested element of assault is when the Court is instructing the jury on all the law, so that the explanation will be done once, comprehensively and coherently. Defendants propose piecemeal instructions on legal issues that are important to them, but without regard for the inefficiency and confusion their "pre-charges" will cause.

Officer Calderone and the other Defendants will testify as to what they believed was probable cause to arrest for the crime of assault. The Plaintiff will dispute the testimony, and the Court will instruct the jury on the law at the conclusion of the trial so that jurors can determine which set of contentions should prevail.

### CONCLUSION

For the reasons set forth above, the Court should not give the jury a pre-charge because a pre-charge is unusual and not necessary in this case and the pre-charge formulated by the Defendants is not an accurate statement of the law of probable cause.

|  | Respectfully submitted, |
|---|---|
| January 4, 2014 | /s/ *Ilyas J. Rona* |
|  | Ilyas J. Rona (BBO # 642964) |
|  | Milligan Coughlin LLC |
|  | Seven Liberty Square, 2nd floor, |
|  | Boston, MA 02109 |
|  | (617) 758-8800 |
|  | ijr@milligancoughlin.com |

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of this Court's CM/ECF system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's CM/ECF system. Paper copies will be sent this day to non-registered participants.

/s/ *Ilyas J. Rona*