UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PATRICK MICHAUD

     Plaintiff,

  v.

LAWRENCE A. CALDERONE,
KENNETH KELLY, JEFFREY FIRNSTEIN,
ROBERT SHEETS and CITY OF BOSTON

     Defendants.

CIVIL ACTION NO.
1:12-CV-10540-WGY

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE THE COMMONWEALTH'S *NOLLE PROSEQUI* AND RELATED TESTIMONY**

Plaintiff Patrick Michaud ("Plaintiff") hereby opposes the Defendants' motion in limine to exclude the introduction of the Commonwealth's *nolle prosequi* and related testimony.  The *nolle prosequi* is relevant and necessary for Plaintiff's malicious prosecution claim because proof that the prosecution terminated in Plaintiff's *favor* is a required element. Because a *nolle prosequi* is itself meaningless, it can only be judged by the reasons stated therein. Accordingly, those reasons are admissible and Defendants' motion should be denied.

### ARGUMENT

The Supreme Judicial Court has held that a *nolle prosequi* constitutes a termination "in favor of the plaintiff" *provided* that "the reasons stated for the nolle prosequi or dismissal must be consistent with the innocence of the accused." *Wynne v. Rosen*, 391 Mass. 797, 800-01 (1984). The fact there was a *nolle prosequi* alone is insufficient to establish the requisite element of malicious prosecution. Rather, "[t]he circumstances of the abandonment must compel an inference that there existed a lack of reasonable grounds to pursue the prosecution." *Id.* at 801.

Under Mass. Rule of Criminal Procedure 16(a), a *nolle prosequi* is required to be "accompanied by a written statement, signed by the prosecuting attorney, setting forth the reasons for that disposition." The City of Boston objects to the language "in the interests of justice," but that is standard language used in *nolle prosequis* and could easily be explained to the jury by further testimony or even an instruction from the Court. While the Defendants may view the evidence as prejudicial, this is true of *any* evidence offered against them—they are not *unfairly* prejudiced.

But throwing the baby out with the bathwater is *prejudicial* to the Plaintiff, who bears the burden of proof that the litigation terminated in his favor. Excluding the mandatory explanation of the reason for the *nolle prosequi* leaves the Plaintiff with no evidence to support the key prong of his malicious prosecution, and thus forces the jury to speculate whether the prosecution truly

terminated in Plaintiff's favor.  Thus the City of Boston seeks to invite the very sort of speculation it wishes to avoid. The better solution is to let the evidence in, with any explanation the Court deems necessary.

For the reasons set forth above, evidence and testimony concerning the reasons for the *nolle prosequi* is relevant and its probative value is not substantially outweighed by any unfair prejudice under Fed. R. Evid. 403. Accordingly, such evidence and testimony is admissible.

## CONCLUSION

For the reasons set forth above, the *nolle prosequi* and ADA Pagliarulo's testimony is admissible because it is relevant to the Plaintiff's claims and its probative value is not substantially outweighed by a danger of unfair prejudice to the Defendants.

Respectfully submitted,

January 4, 2014                        /s/ *Ilyas J. Rona*
                                        Ilyas J. Rona (BBO # 642964)
                                        Milligan Coughlin LLC
                                        Seven Liberty Square, 2nd floor,
                                        Boston, MA 02109
                                        (617) 758-8800
                                        ijr@milligancoughlin.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of this Court's CM/ECF system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's CM/ECF system. Paper copies will be sent this day to non-registered participants.

/s/ *Ilyas J. Rona*