UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICK MICHAUD<br><br>　　Plaintiff,<br><br>　v.<br><br>LAWRENCE A. CALDERONE,<br>KENNETH KELLY, JEFFREY FIRNSTEIN,<br>ROBERT SHEETS and CITY OF BOSTON<br><br>　　Defendants. | CIVIL ACTION NO.<br>1:12-CV-10540-WGY |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF POLICE OFFICERS WHO DO NOT HAVE ANY PERSONAL KNOWLEDGE OF THE FACTS LEADING UP TO PLAINTIFF'S ARREST**

Plaintiff Patrick Michaud ("Plaintiff") hereby opposes the Defendants' motion *in limine* to exclude testimony of police officers who do not have any personal knowledge of the facts leading up to plaintiff's arrest. The Court should admit the testimony of Officers Noberto Perez, Donald Wightman, Gary Mitchell, and Joseph Collins because, as the Defendants point out, they were "present at the police station" on the day the Defendants wrongfully arrested the Plaintiff and have personal knowledge of the facts and circumstances surrounding the wrongful arrest, application for the criminal complaint, and malicious prosecution. For example, there is evidence that Detective

Wightman interviewed Benzan prior to the arrest and did not believe him. Like it or not, these officers are percipient witnesses.[1]

Defendants insist on ignoring the malicious prosecution claim in this case, hoping to cabin all admissible facts to what was known *before* the arrest. But what about the interval *between* the arrest and the decision to criminally prosecute the Plaintiff for a crime that nobody contends he committed? Even if they were not present at the arrest, Officers Noberto Perez, Donald Wightman, Gary Mitchell, and Joseph Collins will have personal knowledge of relevant facts that occurred after the arrest and before the criminal complaint issued. For example, Officer Norberto Perez learned that Ramon Benzan had a lengthy criminal record before the arrest report was typed up and conveyed that fact to the Plaintiff's attorney. Officer Perez was also told that Plaintiff consented to a search of the property where he was arrested and his own residence, without a search warrant. These facts were apparently ignored in the rush to prosecute the Plaintiff criminally.

For the reasons set forth above, the Plaintiffs should be permitted to call Officers Noberto Perez, Donald Wightman, Gary Mitchell, and Joseph Collins because they do have personal knowledge of relevant facts.

---

[1] Some of these offices have knowledge of other relevant matters in addition the arrest. For example, Detectives Wightman and Mitchell are expected to testify about the procedures for detective involvement and how search warrants were issued. The fact that neither happened in this case creates the inference that this was deemed a matter unworthy of further investigation. Additionally, Officer Collins, who is also an electrician, has personal knowledge of the manner in which Plaintiff hired contractors and laborers, having worked for Plaintiff on several projects. Collins will rebut the anticipated arguments that Plaintiff hired "illegal immigrants" who he "paid under the table."

|  |  |
|---|---|
|  | Respectfully submitted, |
| January 4, 2014 | /s/ *Ilyas J. Rona* <br> Ilyas J. Rona (BBO # 642964) <br> Milligan Coughlin LLC <br> Seven Liberty Square, 2nd floor, <br> Boston, MA 02109 <br> (617) 758-8800 <br> ijr@milligancoughlin.com |

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of this Court's CM/ECF system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's CM/ECF system. Paper copies will be sent this day to non-registered participants.

/s/ *Ilyas J. Rona*

3