UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICK MICHAUD<br><br>    Plaintiff,<br><br>  v.<br><br>LAWRENCE A. CALDERONE,<br>KENNETH KELLY, JEFFREY FIRNSTEIN,<br>ROBERT SHEETS and CITY OF BOSTON<br><br>    Defendants. | CIVIL ACTION NO.<br>1:12-CV-10540-WGY |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S CLAIMS FOR DAMAGES BASED ON HIS OWN TIME SPENT DEFENDING HIS CRIMINAL CASE AND ATTEMPTING TO EXPUNGE HIS RECORD AND/OR FOR TIME SPENT BY THE ATTORNEYS WHO REPRESENTED HIM DURING THOSE PROCEEDINGS**

Plaintiff Patrick Michaud ("Plaintiff") hereby opposes the Defendants' motion in limine to exclude the introduction of evidence of the time that Plaintiff or his attorneys spent (1) in the criminal case arising out of the arrest, (2) the subsequent effort to expunge his record, and (3) this case. With respect to the third category of damages—time spent on this case—Plaintiff agrees and does not intend to present testimony of time spent or attorney's fees paid. If Plaintiff prevails, he will be entitled to such attorney's fees and such fees are awardable by the Court. But with respect to the first two categories, those are clearly part of

Plaintiff's damages and are admissible. The attorney work defending the criminal case and seeking expungment were clearly caused by the allegedly unlawful arrest. Obviously, it is up to a jury to determine the amount of damages and whether they causally flow from arrest and prosecution. But Defendants do not get to veto such evidence merely because Plaintiff is a lawyer.

## ARGUMENT

In a malicious prosecution claim, "the party injured is allowed to recover *all such damages* as are the natural and probable consequences of the action complained of." *Millennium Equity Holdings, LLC, v. Mahlowitz*, 456 Mass. 627, 645 (2010) (emphasis added) (internal citations and quotations omitted). "The 'natural and probable' consequences of an abuse of process lawsuit include the costs incurred in successfully defending the charge. As such, fees for defending such a lawsuit are considered compensatory damages, not attorney's fees." *Id.* at 645-46.

Plaintiff's time expenditure spent assisting counsel in the criminal action is also compensable. *See Mahlowitz*, 456 Mass. at 645-46 (*citing American Velodur Metal, Inc. v. Schinabeck*, 20 Mass. App. Ct. 460, 470 (1985) (plaintiff in abuse of process action could recover for the expenditure of plaintiff's "time in many consultations with counsel about the defense"). Time and money spent seeking to expunge the erroneous arrest and criminal prosecution are also the natural and probable consequence of malicious prosecution and are similarly compensable.

Plaintiff notes that Defendants cite no case law in support of their motion, and they do not appear to genuinely dispute the relevance of Plaintiff's attorney's fees or his time spent working on the criminal case. Rather, they contest the lack of production of records.  But such records may not exist, and lack of such records does not preclude testimony about the time spent. In any event, Defendants have long known that attorney's fees and time spent on the case were a key component of damages, but chose not to file a motion to compel. It is simply too late to exclude evidence of damages at this late stage.

## CONCLUSION

For the reasons set forth above, evidence of the time and costs associated with fighting the criminal prosecution and seeking expungement are probative of damages and thus admissible.

Respectfully submitted,

January 4, 2014

/s/ *Ilyas J. Rona*
Ilyas J. Rona (BBO # 642964)
Milligan Coughlin LLC
Seven Liberty Square, 2nd floor,
Boston, MA 02109
(617) 758-8800
ijr@milligancoughlin.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on January 4, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of this Court's CM/ECF system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's CM/ECF system. Paper copies will be sent this day to non-registered participants.

                /s/ *Ilyas J. Rona*