UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
No. 1:12-cv-10540-WGY

PATRICK MICHAUD,
    Plaintiff,

v.

LAWRENCE A. CALDERONE, KENNETH KELLY, JEFFREY FIRNSTEIN, ROBERT SHEETS, AND CITY OF BOSTON,
    Defendants.

## DEFENDANTS' MOTION *IN LIMINE* TO DISMISS PLAINTIFF'S MALICIOUS PROSECUTION CLAIM

Now come the Defendants and hereby move *in limine* to have this Honorable Court dismiss the plaintiff's malicious prosecution claim as it fails as a matter of law. To prove a claim for malicious prosecution, plaintiff must show that the prosecution was instigated against him (1) by the defendant, (2) maliciously, (3) without probable cause, resulting in (4) a final determination against the plaintiff, and (5) damages. *Wynne v. Rosen,* 464 N.E.2d 1348, 1350 (Mass.1984); *Conway v. Smerling,* 635 N.E.2d 268, 271 (Mass.App.Ct.1994).

As explained by the Massachusetts Supreme Judicial Court in *Wynne,* a criminal prosecution terminates "in favor of the plaintiff when the district attorney formally abandons the criminal proceedings by a *nolle prosequi* or a motion to dismiss" as long as "the reasons stated for the *nolle prosequi* or dismissal [are] consistent with the innocence of the accused." *Wynne,* 464 N.E.2d at 1351. "The circumstances of the abandonment must

be compel an inference that there existed a lack of reasonable grounds to pursue the prosecution." *Id.*

Here, the assistant district attorney entered the *nolle prosequi* "in the interests of justice."  "The reason stated for the *nolle prosequi,* 'in the interest of justice,' is too ambiguous to *compel* an inference that there existed a lack of reasonable grounds to pursue prosecution."  *Basu v. Brogan*, 2002 WL 745838, at * 3 (D.Mass. 2002) (Zobel, J.) (emphasis in original).  Because the assistant district attorney cited only "the interests of justice" in the entered *nolle prosequi*, the plaintiff cannot prove at trial that his criminal case was terminated in his favor.  Accordingly, his malicious prosecution claim should be dismissed prior to the start of trial.

        Respectfully submitted,

        DEFENDANTS, LAWRENCE CALDERONE, ROBERT SHEETS, JEFFREY FIRNSTEIN, and THE CITY OF BOSTON
        William F. Sinnott
        Corporation Counsel
        By their attorney:

        /s/ Lisa Skehill Maki
        Lisa Skehill Maki, BBO # 675344
        Senior Assistant Corporation Counsel
        Dawn M. King, BBO # 661669
        Senior Assistant Corporation Counsel
        City of Boston Law Department, Room 615
        Boston, MA 02201
        (617) 635-4022 (Maki)
        (617) 635-4023 (King)
        Lisa.maki@boston.gov
        Dawn.King@boston.gov

## CERTIFICATE OF SERVICE

    I, Lisa Skehill Maki, counsel for the Defendants do hereby certify that on this date I served upon counsel for all parties a copy of the instant motion.

DATE: 1/5/14  /s/ Lisa Skehill Maki  
                                       Lisa Skehill Maki