UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICK MICHAUD<br><br>    Plaintiff,<br><br>  v.<br><br>LAWRENCE A. CALDERONE,<br>KENNETH KELLY, JEFFREY FIRNSTEIN,<br>ROBERT SHEETS and CITY OF BOSTON<br><br>    Defendants. | CIVIL ACTION NO.<br>1:12-CV-10540-WGY |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE PLAINTIFF'S SPECULATIVE DAMAGES CLAIMS: LOST PAST OR FUTURE EARNING CAPACITY, LOSS OF EMPLOYMENT OPPORTUNITIES, REPUTATIONAL HARM, AND INABILITY TO ADOPT A CHILD**

Plaintiff Patrick Michaud ("Plaintiff") hereby opposes the Defendants' motion *in limine* to exclude supposedly speculative damages claims involving lost past or future earning capacity, loss of employment opportunities, reputational harm, and inability to adopt a child. Defendants stop short of arguing that such damages are not compensable as a matter of law. Rather, they argue that supporting records were not produced and that any testimony on damages without an expert would be speculative or self-serving. As set forth below, neither contention justifies the claim that damages are speculative and thus should be precluded altogether.

## ARGUMENT

As noted by the Supreme Court, the basic purpose of a Section 1983 damages award is to compensate the victims of official misconduct, and therefore the Supreme Court held that there is no limit on actual damages if they can be proven. *Carey v. Piphus*, 435 U.S. 247 (1978). But even where damages are not proved, nominal damages of $1 may be awarded. *Farrar v. Hobby*, 506 U.S. 103, 112 (1992). Thus the mere possibility that Plaintiff may fail to meet his burden proving damages alone does not justify exclusion of the evidence. It still is a matter best left for the jury. This Court should not try to predict how the damages evidence will unfold.

Defendants focus their attention, however, on the lack of paper records substantiating such a claim, but paper records are not the only way that damages can be proven. Indeed, with respect to loss of reputation and future lost earnings, the damages are frequently not subject to any documentation. But to the extent that the business reputation and goodwill are a property interest, they are nevertheless protectable under the scope of Section 1983. *See Little v. City Of North Miami*, 805 F.2d 962, 969 (1986).

The fact that Plaintiff is a lawyer makes his reputational injury a more significant piece of his damages. Lawyers are measured in the community (and even regulated by the Commonwealth) based on their moral character and reputation. For this reason, an injury to a lawyer's reputation particularly implicates a property and liberty interest. As the SJC has recently agreed, "…an

attorney is not much more than his reputation and that once sullied it is very difficult…to undo the tarnish." *Millennium Equity Holdings, LLC, v. Mahlowitz*, 456 Mass. 627, 649 (2010). Indeed, in malicious prosecution/abuse of process claims, evidence of injured reputation and lost future earnings will often be available only from testimony of the Plaintiff. *See Id.* at 649-50. And as the SJC has noted, the loss does not need to be calculable down to the dollars and cents:

> The defendants nevertheless assert that Mahlowitz cannot recover for harm to reputation because he did not prove "real business loss" or other pecuniary harm resulting from damage to his reputation. We do not discern authority for such a requirement in this context, nor have the defendants directed us to any relevant source. In the context of defamation, we have explained that actual injury is "not limited to out-of-pocket loss" but instead includes "impairment of reputation and standing in the community, personal humiliation, and mental anguish and suffering."

*Id.*

The same is true of Plaintiff's inability to adopt. Plaintiff intends to call a witness from the Alliance for Children adoption agency who can testify about the conversations with Plaintiff and his wife about adoption, how CORI background checks are required, and how Plaintiff's criminal record involving a gun charge will make adoption difficult if not impossible. This is certainly a deprivation of liberty and an injury that is the natural and probable consequence of the unlawful arrest.

The inability to adopt is also the cause of a fair degree of mental anguish and emotional distress, both of which are recoverable under Section 1983. See *Carey v. Piphus*, 435 U.S. at 264. The fact that the lost ability to adopt is not

quantifiable does not make it unsuitable as a category of compensable damages anymore than other forms of non-economic damages that are allowed. "Although essentially subjective, genuine injury in this respect may be evidenced by one's conduct and observed by others. Juries must be guided by appropriate instructions, and an award of damages must be supported by competent evidence concerning the injury." *Carey v. Piphus*, 435 U.S. at 264 n.20.

## CONCLUSION

For the reasons set forth above, Defendants' motion *in limine* should be denied, and non-expert testimony about the injury to the Plaintiff's reputation, the inability to adopt, and other recognized categories of damages should be allowed.

Respectfully submitted,

January 5, 2014

/s/ *Ilyas J. Rona*
Ilyas J. Rona (BBO # 642964)
Milligan Coughlin LLC
Seven Liberty Square, 2nd floor,
Boston, MA 02109
(617) 758-8800
ijr@milligancoughlin.com

*Attorney for Plaintiff Patrick Michaud*

4

## **CERTIFICATE OF SERVICE**

    I hereby certify that on January 5, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of this Court's CM/ECF system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's CM/ECF system. Paper copies will be sent this day to non-registered participants.

                                                                         /s/ *Ilyas J. Rona*