UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICK MICHAUD<br><br>      Plaintiff,<br><br>      v.<br><br>LAWRENCE A. CALDERONE,<br>KENNETH KELLY, JEFFREY FIRNSTEIN,<br>ROBERT SHEETS and CITY OF BOSTON<br><br>      Defendants. | CIVIL ACTION NO.<br>1:12-CV-10540-WGY |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO DISMISS PLAINTIFF'S *MONELL* CLAIMS AGAINST THE CITY AND DISMISS PLAINTIFF'S DEFAMATION CLAIM**

Plaintiff Patrick Michaud ("Plaintiff") hereby opposes the Defendants' motion *in limine* to dismiss his *Monell* claim against the City of Boston. Plaintiff does not oppose Defendants' motion to dismiss his defamation claim, but the City of Boston's attempt to knock out the *Monell* claim is too little too late. The City of Boston can be held liable because of Officer Calderone's repeated and blatant disregard of the strictures requiring even a modicum of probable cause. The City was aware of his unlawful arrests and yet it never disciplined Officer Calderone for any of them. Because the lack of proper training, supervision, and discipline were obvious, a jury could reasonably find that the City was deliberately indifferent in stopping further unlawful arrests. For this reason, the *Monell* claims should not be dismissed.

**ARGUMENT**

Although Supreme Court has made it "clear that officials can still be on notice that their conduct violates established law even in novel factual circumstances," a Plaintiff can still prevail on a *Monell* claim where the incident at issue is preceded by other constitutional violations that are "fundamentally similar." *Young v. City of Providence*, 396 F.Supp.2d 125, 135 (1st Cir. 2005) (*citing Hope v. Pelzer*, 536 U.S. 730, 741-42 (2002). The previous acts need not be exactly the same, but they must be sufficiently similar to put the municipality on notice of the need to train, supervise, and discipline.

Here, the evidence suggests that the City of Boston neither trained, supervised, nor disciplined Officer Calderone in response to any of the prior instances where he made an arrest or issued summons without probable cause. Indeed, there is good reason to suspect that Officer Calderone's training on probable cause was faulty in the first place (or at least was in dire need of a refresher course). When asked how he defined probable cause, Officer Calderone stated:

> Q: What is your understanding of probable cause?
>
> A: My understanding of probable cause is having more of a belief – more than a reasonable doubt that an incident or altercation or a crime has been committed. Probable cause, as I was taught, as I remember, is that step above and beyond reasonable doubt.

(Calderone Dep. Tr. at 10-11).

The inadequate training on probable appears to have translated into a number of acts by Officer Calderone where probable cause was lacking. For

example, Officer Calderone arrested Winston Kendall, an attorney, based only on the fact that he was walking around Dorchester carrying a stick.  The City admits that it did not discipline Officer Calderone for that unlawful arrest.

Officer Calderone later issued a criminal summons to Tonycha Bonilla as the registered owner of a vehicle involved in a hit-and-run, even though she was female and the witness accounts clearly indicated that the driver was male and the alleged hit-and-run driver even told the victim that it was not his car. Again, there is no evidence that Officer Calderone was disciplined or even re-trained on probable cause.

Also missing from the prior incidents is any sense that Officer Calderone is subject to supervision. Arrest reports must be approved by a supervisor, a sensible procedural safeguard to prevent cases were probable cause is clearly lacking. And yet once again, on March 25, 2009, Office Calderone's supervisor—on this occasion Lieutenant Sheets—appears to have rubber-stamped another one of Calderone's arrests, even though the arrest report fails to describe the existence of probable cause.

Based on the similarity of prior instances to the present incident, a jury may find that the City of Boston Police Department had a policy of inadequate training, supervision, and discipline on the issue of probable cause. Clearly, the prior incidents had put the City of notice that there was a possibility that Officer Calderone either did not understand, or willfully ignored, the concept of probable cause to arrest.  *See Fiacco v. City of Rensselaer*, 783 F.2d 319, 328 (2d Cir.

1986). But either the City did nothing to train, supervise, and discipline Officer Calderone to prevent him from disregarding the probable cause requirements, or it offered a response that was "uninterested and superficial." *See Id.* at 331.

## CONCLUSION

For the reasons set forth above, Plaintiff Patrick Michaud request that the Defendants' motion *in limine* to dismiss the *Monell* claim be DENIED.

Respectfully submitted,

January 5, 2014

/s/ *Ilyas J. Rona*
Ilyas J. Rona (BBO # 642964)
Milligan Coughlin LLC
Seven Liberty Square, 2nd floor,
Boston, MA 02109
(617) 758-8800
ijr@milligancoughlin.com

*Attorney for Plaintiff Patrick Michaud*

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of this Court's CM/ECF system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's CM/ECF system. Paper copies will be sent this day to non-registered participants.

/s/ *Ilyas J. Rona*